DETROIT BAR ASS'N *v.* UNION GUARDIAN TRUST CO.

ON APPLICATION FOR RECONSIDERATION OF DENIAL OF REHEARING.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECONSIDERATION OF DENIAL OF REHEARING—PUBLIC QUESTION.

Question sought to be reviewed on application for reconsideration of denial of rehearing is decided, where it was first embodied in appellants' original application for rehearing and is a matter of public concern even though specific question was not presented by appellants' original brief, not covered by prayer for relief in bill of complaint, not mentioned in decree entered in the circuit court nor in any of the issues presented to trial court for determination.

2. ATTORNEY AND CLIENT—DRAWING WILLS—CORPORATE FIDUCIARY.

Decree, affirmed by Supreme Court, which had been entered in trial court pursuant to stipulation of attorneys for respective parties, providing that defendant trust company was enjoined from ''drafting, or having drafted for others by its attorneys or attorney or others selected or paid by it therefor, any will * * * or proposed form or outline thereof intended for individual use'' *held*, a definite adjudication that the corporate fiduciary may not, through its lay or lawyer employees, draft wills.

3. SAME—PRACTICE OF LAW—PRESENTATION OF PROBATE PAPERS—CORPORATE FIDUCIARY.

Probate papers filed in or presented to the probate court or other court of record by a corporate fiduciary must be under the name and by the authority of one licensed to practice law.

4. SAME—CORPORATE FIDUCIARY—REPRESENTATION IN COURT.

In any judicial proceeding with which a corporate fiduciary is concerned, in the probate or any other court of record, it must be represented by a duly licensed attorney.

5. SAME—PRACTICE OF LAW—CORPORATIONS.

While an individual may appear in court *in propria personam*, a corporation, because of the very fact of its being a corporation, can appear only by attorney regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity.

6. SAME—CORPORATE FIDUCIARY—LAY EMPLOYEES.

A layman is not authorized to practice law merely because he is an employee of a corporate fiduciary although he is not prohibited thereby from informally consulting with the probate judge as to the administrative phase of matters pending in the probate court.

7. CONSTITUTIONAL LAW—PRACTICE OF LAW—COURTS—LEGISLATURE.

The regulation of the practice of law is not solely a judicial function and not solely within the inherent power of the courts as the legislature has such power incidental to its general and unquestioned power to protect the public interest.

8. SAME—REGULATION OF PRACTICE OF LAW—LEGISLATURE—COURTS.

Regulation of the practice of law by the legislature is unconstitutional only when it tends to impair the proper administration of judicial functions vested by the Constitution in the courts (Const. 1908, art. 7, § 1).

9. COSTS—PUBLIC QUESTION.

No costs are allowed upon denial of appellants' application for reconsideration of denial of rehearing where public question was involved.

Appeal from Wayne; Campbell (Allan), J. Submitted June 8, 1937. (Docket No. 5, Calendar No. 39,124.) Decided October 4, 1937. Rehearing denied December 15, 1937. Reconsideration denied October 3, 1938.

Bill by Detroit Bar Association, George E. Brand, Ezra H. Frye and Ben O. Shepherd against Union Guardian Trust Company, a Michigan corporation, to restrain alleged illegal practice of law. From decree entered, both parties appeal. Modified and

affirmed. On application for reconsideration of denial of rehearing. Rehearing denied.

*George E. Brand, Ezra H. Frye* and *Ben O. Shepherd,* for plaintiffs.

*Thomas G. Long, Frank D. Eaman* and *Louis F. Dahling,* for defendants.

*Dean W. Kelley,* Chairman of Committee on the Unauthorized Practice of Law, State Bar of Michigan.

ON APPLICATION FOR RECONSIDERATION OF DENIAL OF REHEARING.

PER CURIAM. Plaintiffs and appellants have petitioned for reconsideration of denial of their motion for rehearing. The attorneys for the respective parties have filed briefs and have made oral arguments before the court. After due consideration, we adhere to our former denial of a rehearing; however, in this connection we have again given consideration to certain phases of the appeal because, as appellants point out, the first question hereinafter considered was not covered in our original opinion (*Detroit Bar Ass'n* v. *Union Guardian Trust Co., ante,* 216); and also because of appellants' contention that unless it is clarified our former opinion may be misconstrued.

First. Appellants complain that our original opinion does not determine the right of a corporate fiduciary to have its lay employees "draft probate papers and conduct probate court proceedings." We might well decline to give consideration to the

above for the reason that this specific question is not embodied in the issues presented by appellants' original brief. Instead the right of the corporate fiduciary's employees to render service of the character above noted was presented to this court *without discrimination as to whether such employees were laymen or licensed attorneys.* Further this specific question is not covered by the prayer for relief in the bill of complaint, it is not mentioned in the decree entered in the circuit court, nor is it in any of the three issues (quoted in original opinion) which counsel for the respective parties stipulated were the issues presented to the trial court for adjudication. On appeal from such a decree and under such a record it is scarcely to be expected that this court would undertake to adjudicate the issue now urged. Notwithstanding the noted condition of the record on this appeal, in part because the question was embodied in appellants' original application for rehearing and in part because it is a matter of public concern, we now make disposition of this additional issue. As above noted appellants seek decision of whether a lay employee of a corporate fiduciary may (1) "draft probate papers" and/or (2) "conduct probate court proceedings."

By stipulation of the attorneys for the respective parties the decree entered in the trial court and affirmed in this court expressly provided that the defendant trust company was enjoined from "drafting, or having drafted for others by its attorneys or attorney or others selected or paid by it therefor, any will * * * or proposed form or outline thereof intended for individual use." (*Detroit Bar Ass'n* v. *Union Guardian Trust Co., ante,* 223.) It cannot be more definitely adjudicated that the corporate fiduciary may not, through its lay or lawyer employees, draft wills.

Now we have the question whether such lay employees may draft "probate papers," obviously meaning petitions, orders, et cetera, to be filed in probate court. So far as the mere mechanical drafting of such instruments or the diction used therein is concerned, we know of no reason justified in law in consequence of which it should be held that a lawyer in his office may employ a law clerk or a stenographer who, having the ability, is entrusted with the drafting of papers of this character; and on the other hand holding that a trust company empowered by statute to act as fiduciary is barred from so using such employees. But when such papers are filed in or presented to the probate court or other court of record by a corporate fiduciary, they must be under the name and by the authority of one licensed to practice law. Thereupon the attorney becomes responsible for such papers in the same manner as if he had drafted them in person. He makes the draftsmanship his own. It seems unnecessary to add that in any judicial proceeding with which the corporate fiduciary is concerned, in the probate court or any other court of record, it must be represented by a duly licensed attorney. This is conceded by appellee. While an individual may appear *in propria personam,* a corporation, because of the very fact of its being a corporation, can appear only by attorney regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity. *Bennie* v. *Triangle Ranch Co.,* 73 Col. 586 (216 Pac. 718); *New Jersey Photo Engraving Co.* v. *Carl Schonert & Sons, Inc.,* 95 N. J. Eq. 12 (122 Atl. 307). A layman is not authorized to practice law merely because he is an employee of a corporate fiduciary. However, it does not follow that a lay employee of such corporate fiduciary may not informally consult with the probate judge as to the administrative

phase of matters pending in the probate court. In so doing the corporate fiduciary acting through a lay employee would not be practicing law any more than would the clerk or other lay employee of a lawyer in rendering service of this character for the attorney employing him.

Second. Appellants urge a rehearing to enable them "to point out the harmful implications of the quotation of the *Cannon Case.*" The reference is to our comment on and quotation from *In re Cannon,* 206 Wis. 374 (240 N. W. 441) found in our opinion, *Detroit Bar Ass'n* v. *Union Guardian Trust Co., ante,* 226. As clearly appears, we were there considering whether the legislature might pass any regulations as to the practice of law without exceeding its constitutional powers. This was pertinent because appellants were asserting that regulation of the practice of law is a judicial function and solely within the inherent power of the courts. We did not then agree with that contention, nor do we now. To apply correctly the quotation from the *Cannon Case,* it must be read in connection with the remaining portion of this court's opinion as well as with the remaining portion of the opinion in the *Cannon Case* itself. In this latter case, the Wisconsin court said:

"While the legislature may legislate with respect to the qualifications of attorneys, its power in that respect does not rest upon any power possessed by it to deal exclusively with the subject of the qualifications of attorneys, but is incidental merely to its general and unquestioned power to protect the public interest. When it does legislate fixing a standard of qualifications required of attorneys at law in order that public interests may be protected, such qualifications constitute only a minimum standard and limit the class from which the court must make

its selection. Such legislative qualifications do not constitute the ultimate qualifications beyond which the court cannot go in fixing additional qualifications deemed necessary by the courts for the proper administration of judicial functions." *In re Cannon, supra,* 397.

In our original opinion we quoted with approval from an opinion of the Supreme Court of Missouri wherein it is said:

"So far as is necessary to their self-protection the right of the courts is paramount or exclusive; but beyond that point the legislative department also has constitutional rights in the exercise of the police power." *Clark* v. *Austin,* 340 Mo. 467, 496 (101 S. W. [2d] 977).

Our Constitution has vested the courts with inherent power to regulate the practice of law to the extent that is reasonably necessary for their proper functioning.* Legislative regulation is unconstitutional when, and only when, it tends to impair the proper administration of judicial functions. *In the Matter of the Proceedings for the Disbarment of Bruen,* 102 Wash. 472 (172 Pac. 1152); *Brydonjack* v. *State Bar of California,* 208 Cal. 439 (281 Pac. 1018, 66 A. L. R. 1507).

The purport of our former opinion was in full accord with the foregoing, and we know of no reason for departing therefrom. For this reason plaintiffs' application for a rehearing is denied, but without costs.

---

* See Const. 1908, art. 7, § 1.—Reporter.