BEDNARSH v. WINSHALL.

1. JUDGMENT—SETTING ASIDE DEFAULT—AFFIDAVIT OF MERITS.
   Showing made by affidavit of merits on motion to set aside de-
      fault judgment in assumpsit action *held,* to raise a serious
      question of fact as to whether defendant did or did not owe
      plaintiff the amount for which judgment was taken or any
      part of it.

2. SAME—SETTING ASIDE DEFAULT—DISCRETION OF COURT.
   Denial of defendant's motion to set aside default and judgment
      *held,* an abuse of discretion, where defendant filed such motion
      3 days after judgment, and his affidavit of merits showed a
      meritorious defense.

Appeal from Oakland; Beer (William John) J.
Submitted June 9, 1961. (Docket No. 50, Calendar
No. 48,203.) Decided September 22, 1961.

Assumpsit by Charles Bednarsh against Jack I.
Winshall. Motion to set aside default judgment
denied. Defendant appeals. Reversed and remand-
ed.

*Daniel S. Cooper,* for defendant.

DETHMERS, C. J. Defendant appeals from denial
of his motion to set aside a default judgment against
him in the amount of $11,385.

The judgment was based on a claim for money due
in assumpsit. The motion was supported by an affi-
davit of merits alleging payment, with canceled
checks attached as supporting evidence. We think

REFERENCES FOR POINTS IN HEADNOTES
[1] 30A Am Jur, Judgments § 719.
[2] 30A Am Jur, Judgments § 632.

a good showing of a meritorious defense was made,. if the affidavit be true. Counteraffidavits were filed to the effect that the payments to plaintiff were not from defendant and were on another account. A serious question of fact was thus presented as to whether defendant did or did not owe plaintiff the amount for which judgment was taken or any part of it.

The showing made in connection with the motion was that defendant was served with summons and declaration. He took them to his attorney. Because the latter had also represented plaintiff he decided to turn them over to another lawyer. This resulted in some confusion as to conducting the defense. The matter came into the hands of defendant's present attorney 1 day after the default judgment had been entered on January 26, 1959. Order of default had been filed on January 14, 1959. Proof of service of summons on defendant was filed on December 22, 1958, just 3 weeks before the order of default and 1 month before default judgment. The motion to set aside the default was filed January 29, 1959, within 15 days after default and 3 days after judgment. We think defendant acted with reasonable care and dispatch, that the minor delay on the part of the defense resulted from confusion in the changing of attorneys and that this was seized upon with undue haste by plaintiff.

In view of the plaintiff's precipitate action, defendant's prompt motion to set aside default and the affidavit of merits showing a meritorious defense, we think it was an abuse of discretion to deny the motion to set aside the default and judgment.

Reversed and remanded for further requisite proceedings. Costs to defendant.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.