## PETERS PRODUCTION, INC v DESNICK BROADCASTING COMPANY

Docket No. 98503. Submitted October 8, 1987, at Marquette. Decided September 7, 1988. Leave to appeal applied for.

Peters Production, Inc., obtained a money judgment against Desnick Broadcasting Company, a Michigan corporation, in an action in a California trial court for breach of contract. Peters Production subsequently brought an action in the Houghton Circuit Court seeking to enforce the California judgment against Desnick Broadcasting. The circuit court, Stephen D. Condon, J., determined that the California court had proper personal and subject-matter jurisdiction, but declined to issue a judgment and order enforcing the foreign judgment, stating that error and misrepresentation in the California trial resulted in an incorrect judgment and that the California court was an inconvenient forum. Plaintiff appealed.

The Court of Appeals *held:*

1. A Michigan court has the power to consider whether a foreign court had jurisdiction to enter a judgment against a Michigan resident, but a Michigan court may not consider a collateral attack against the obligation underlying a foreign judgment since the judgment has replaced and extinguished that obligation. Here, the circuit court should have entered a judgment in favor of plaintiff and an order enforcing the California judgment once it determined that the California court had proper jurisdiction.

2. Defendant was represented in proceedings below and on appeal by Harvey L. Desnick, who is not a licensed attorney. A corporation such as defendant can appear only by attorney regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity. Defendant's appellate brief, which was prepared by Mr. Desnick, was therefore stricken from the record.

Reversed and remanded for entry of a judgment in favor of plaintiff.

### REFERENCES

Am Jur 2d, Corporations § 2172.

Am Jur 2d, Judgments §§ 905, 906, 1224 *et seq.*

See the Index to Annotations under Corporations; Foreign Judgments.

1. Courts — Jurisdiction — Foreign Judgments — Collateral
   Attack.

   A Michigan court has the power to consider whether a foreign
   court had jurisdiction to enter a judgment against a Michigan
   resident, but a Michigan court may not consider a collateral
   attack against the obligation underlying a foreign judgment
   since the judgment has replaced and extinguished that obliga-
   tion.

2. Attorney and Client — Practice of Law — Corporations.

   While an individual may appear in court in propria persona, a
   corporation can only appear by attorney regardless of whether
   it is interested in its own corporate capacity or in a fiduciary
   capacity.

*Goodman & Makinen* (by *Michael E. Makinen*),
for plaintiff.

Before: Maher, P.J., and McDonald and R. C.
Livo,* JJ.

R. C. Livo, J. Plaintiff, Peters Production, Inc.,
appeals the decision not to enforce a California
judgment against defendant, Desnick Broadcasting
Company. The trial court held that the California
Superior Court's money judgment against defen-
dant was not a valid judgment and not entitled to
recognition and full faith and credit in the State of
Michigan. We disagree and reverse.

On August 17, 1982, the parties entered into a
contract under which plaintiff would provide the
programming for defendant's FM radio station. On
July 22, 1983, the parties entered into a second
contract, under which plaintiff would provide the
programming for defendant's AM radio station. In
early 1984, defendant became delinquent in its
payments to plaintiff for the subscription program-
ming services. When the matter could not be
resolved by the parties, plaintiff filed suit in the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

California Superior Court for the County of San Diego.

At the June, 1985, trial, defendant was represented by California counsel, but presented no affirmative evidence. On June 19, 1985, the California Superior Court entered judgment against defendant in the amount of $15,035 plus costs of $2,595 and interest at ten percent per annum from July 1, 1984. Plaintiff filed the instant suit to have the California judgment enforced against defendant. The trial court ruled that "error and misrepresentation appear to have . . . resulted in an incorrect judgment being entered," and that the California court was a "serious[ly] inconvenient forum." The trial court refused to recognize and enforce the California judgment.

The trial court in its opinion cited the Michigan Uniform Foreign Money Judgment Recognition Act, MCL 691.1151 *et seq.*; MSA 27.955(1) *et seq.* This statute has no application in the instant case. As the definition section states:

> (a) "Foreign state" means any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama canal zone, the trust territory of the Pacific islands or the Ryukyu islands. [MCL 691.1151(a); MSA 27.955(1)(a).]

The instant case requires application of the full faith and credit clause of the United States Constitution, as our Supreme Court has stated:

> Section 1, art 4, Constitution of the United States, provides:
> "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. And the congress may by general laws prescribe the manner in

which such acts, records, and proceedings shall be proved, and the effect thereof."

No valid judgment may be rendered in the courts of any State without due process of law, or without jurisdiction; but in those cases where the court has jurisdiction of the subject-matter and of the parties, the effect of the legislation of congress (28 USC 687) is that the judgment of another State shall be record evidence of the demand, and that defendant, when sued on a judgment, cannot go behind it and controvert the contract or other cause of action on which the judgment was founded. It is evidence of an established demand which, standing alone, is conclusive between the parties to it. *Bank of State of Alabama v Dalton,* 50 US (9 How) 522, 528; 13 L Ed 2d 242 (1850). [*Ward v Hunter Machinery Co,* 263 Mich 445, 452; 248 NW 864 (1933).]

A Michigan court may not consider a collateral attack against the obligation underlying the judgment of a court of a sister state since the judgment has replaced and extinguished that obligation. *McPheron, Inc v Koning,* 125 Mich App 325, 328; 336 NW2d 474 (1983).

In the case at bar, the trial court ruled that personal jurisdiction and subject-matter jurisdiction were proper in the California Superior Court. At that point, the California judgment should have been enforced. The trial court refused to enforce the judgment because of an alleged error and the allegation that the California court was an inconvenient forum. These rulings go to the merits of the case and should not have been considered once it was found that the California court had proper jurisdiction. We find that the trial court erred by not enforcing the California judgment and not granting a verdict in favor of plaintiff. This case is reversed and remanded for the trial court to enter a judgment in favor of plaintiff.

We note that defendant was represented below and on appeal by Harvey L. Desnick, who is not a licensed attorney. An individual may appear in propria persona; a corporation, however, can appear only by attorney regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity. *Detroit Bar Ass'n v Union Guardian Trust Co,* 282 Mich 707, 711; 281 NW 432 (1938). Therefore, this Court on its own motion strikes defendant's appellate brief from the record on appeal. MCR 7.212(H).

This case is reversed and remanded for entry of judgment in favor of plaintiff.