Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

# Opinion

**FILED JANUARY 18, 2001**

MARCY ZAITER,

    Plaintiff-Appellee,

v

No. 116357

RIVERFRONT COMPLEX, LTD., AND
VIRGIL D. RILEY,

    Defendants-Appellants.

_____

PER CURIAM

After the defendants failed to participate in discovery, the circuit court entered a $50,000 default judgment. The Court of Appeals affirmed. We affirm in part and reverse in part. The circuit court did not err when it entered a default judgment with regard to liability. However, we remand this case to the circuit court to allow the defendants the opportunity to have a jury decide the question of damages.

I

Plaintiff Marcy J. Zaiter worked for defendant Riverfront Complex, Ltd., as an x-ray technician. She says she was fired because she was pregnant. Riverfront says she was discharged

as an economic move, because her salary was greater than the x-ray billings that were being generated from her work.

On October 8, 1996, Ms. Zaiter filed a complaint in which she alleged that Riverfront had discharged her in violation of the Civil Rights Act. MCL 37.2202; MSA 3.548(202). The complaint included a demand for a jury trial, and was accompanied by interrogatories and a request for the production of documents.[1]

Riverfront answered the complaint, and stated its reliance on Ms. Zaiter's demand for a jury trial. Signing the answer, counsel for Riverfront provided a business address on Edward Avenue in Madison Heights.

By spring of the following year, Riverfront had not answered the interrogatories or the request for the production of documents. Ms. Zaiter's attorney wrote to Riverfront's lawyer on February 4, 1997, demanding answers by February 14. This and all other correspondence mentioned in this opinion were sent to Riverfront's lawyer at her Edward Avenue address in Madison Heights.

Ms. Zaiter's attorney wrote again on March 7 to confirm a March 6 telephone conversation in which answers had been promised by March 14. The letter also included a request for production of two Riverfront employees for deposition.

---

[1] Ms. Zaiter also sued Virgil D. Riley, the sole shareholder of Riverfront. For the balance of this opinion, we will refer to the two defendants as "Riverfront."

On April 2, Ms. Zaiter's attorney filed a motion to compel answers to the interrogatories and document requests. A notice of hearing was sent to defense counsel. Like the correspondence from Ms. Zaiter's lawyer, each notice of hearing mentioned in this opinion bore defense counsel's Edward Avenue address in Madison Heights.

The circuit court's ruling was an April 14 order that required answers by April 24. Since defense counsel did not appear for the hearing, Ms. Zaiter's lawyer mailed a copy of the order to her on April 14, and enclosed a notice that the two employees would be deposed on April 23.

An April 23 letter to defense counsel recites that the depositions were adjourned to May 9 at "your request" and confirms a telephone conversation in which defense counsel promised Ms. Zaiter's lawyer that she would provide answers to the discovery requests before the May 9 depositions.

On May 9, Ms. Zaiter's lawyer faxed a letter to defense counsel. Pursuant to a May 8 conversation, the depositions again had been adjourned. The letter also confirmed defense counsel's promise to provide the overdue answers by May 12.

Ms. Zaiter's attorney filed a motion for default on June 24, mailing notice of the hearing to defense counsel. The attorney recited the broken promises regarding discovery and noted the court's April 14 order, and also explained that June 10 had been the third notice date for depositions, but

that defense counsel and her client's employees had not appeared. Ms. Zaiter's counsel asked for default judgment and for an award of $2,5000 in costs.

The circuit court considered the motion on June 30. Its conclusion was reflected in an order that was not entered until July 15, because entry was delayed so that Ms. Zaiter's lawyer could mail to defense counsel the seven-day notice that is part of the procedure set forth in MCR 2.602(B)(3). The July 15 order required Riverfront to respond to the interrogatories and the request to produce by July 11.[2] Failing that, a default judgment would be entered. The court also ordered Riverfront to pay $250 in sanctions by July 29.

When no answers were provided, Ms. Zaiter's attorney filed a July 25 motion for default judgment. Two notices of hearing were mailed to defense counsel.

The circuit court heard the motion on September 8. Defense counsel did not appear and thus did not assert Riverfront's right to a jury trial on damages. At a short hearing on damages, Ms. Zaiter testified that she had suffered $18,000 in economic damages, and emotional stress as well. She had been diagnosed with depression, and her pregnancy "almost led to a miscarriage." Counsel asked for judgment in

---

[2] Because of the delay in entry, the July 15 order did require the impossible——answers by July 11. This obvious error was of little significance, since Riverfront continued not to comply with the discovery requests that had been made the previous October.

4

the amount of $50,000, a figure that the court later attributed, inaccurately, to a mediation evaluation.

At the conclusion of the hearing, the circuit court granted the request orally, but asked that entry of the written judgment be deferred until the seven-day entry procedure was followed again. Thus, Ms. Zaiter's lawyer sent defense counsel notice of the pending entry of the default judgment. No objection was received, and the court entered the $50,000 default judgment on September 22.[3] Ms. Zaiter's attorney faxed a copy of the judgment to defense counsel.

On October 9, Riverfront moved to set aside the default and the default judgment. In the motion, defense counsel stated that she had received no correspondence from Ms. Zaiter's attorney since the May 9 fax; nor had she received any of the motions or orders. Counsel suggested that the problem might lie in the court's records, which showed a former business address. Counsel did not explain why correspondence mailed to her Edward Avenue address in Madison Heights would go unanswered. She said that there was good cause to set aside the default judgment and that Ms. Zaiter's suit—"a case of questionable liability"—should be heard on its merits.

The circuit court heard Riverfront's motion on October

---

[3] The judgment was against Riverfront and Mr. Riley, jointly and severally.

Defense counsel said she could not explain her failure to receive mail at her current address, though she thought perhaps the problem was that the mail had been misdirected to another business on the same premises. She said that, throughout the same period, she had been providing diligent representation of Riverfront in an unrelated matter, and that there would have been no reason for her to neglect the present suit.

Defense counsel also stated to the court her "belief" that she had answered the October 1996 discovery requests at some prior point, though she could not produce copies of answers or a proof of service. She promised to look when she returned to her office.

The court ruled on October 29, 1997. Before the court delivered its opinion, defense counsel told the court that a search of her files revealed that she had sent the answers back on May 12. Unfortunately, she had sent them to an attorney who had no role in this case—counsel for a party involved in unrelated litigation with Riverfront in district court. She also had sent the answers to the district court. So far as she knew, neither set of misdirected answers had ever been returned to her.[4]

The court thanked defense counsel for that information,

---

[4] The record does not indicate that defense counsel has ever tendered a copy of the answers, or a copy of the proof of service showing the erroneous mailing.

6

and then delivered its opinion, concluding:

> Now, it has been five months since defense counsel last made contact with the plaintiff,[5] and they have stated that the lack of mail failed to give them notice of events or her need to contact plaintiff's counsel. However, as the Court has gone through the file and received oral argument Monday, plaintiff appears to have sent all of the mail to the Edwards Road address, which defendant claims is counsel's correct address. It's exactly this long period of time without contact which should have at least put defendant's counsel on notice of a need to update itself with the status of the case, even—or—either through placing a phone call to plaintiff's counsel or to this court.
>
> An attorney certainly has an ethical duty to act with reasonable diligence and promptness in representing a client according to Michigan Rules of Professional Conduct. Defendant's attorney allowed five months to pass without an attempt to contact plaintiff or this court.
>
> Defendant offers as an explanation for her lack of contact, that control over this case, as nonreceipt of mail. She asserts that this is good cause and that a meritorious defense exists. However, this Court is convinced that the receipt of mail should not be the only method whereby an attorney should be prompted to keep abreast of the progress and status of a case. The purpose of a default judgment is to discourage attorneys from failing to represent their clients in a reasonably diligent and prompt manner. Unfortunately, it has the effect of adjudicating matters not on the merits alone. However, it is appropriate in specific circumstances and, unfortunately, the Court believes that this is one of them.
>
> This Court makes—takes no pleasure in denying a motion to set aside a default judgment, and

_____

[5] The dissenting judge in the Court of Appeals pointed out that it is four months, not five, from May 9 (the fax that defense counsel acknowledges having received) to September 8 (the hearing on the motion to enter default judgment). That error plainly is not the foundation of the circuit court's opinion.

7

counsel has appeared here today and she has been candid enough to indicate that the interrogatories appear to have been prepared and they may have inadvertently been sent to another court and they may very well have been sent to another attorney. Now why those things didn't come back to her office, or this court, or the other attorney, I am not sure. It's an unfortunate situation, and counsel has been respectful each time she has appeared here.

It's a difficult measure to be taken, but it is the ruling of the Court that the Motion to Set Aside the Default Judgment should be denied.

On November 18, the circuit court entered an order denying the motion to set aside the default judgment.

Riverfront next filed a December 1 motion, asking the circuit court to "reconsider its prior denial of Defendants' Motion, insofar as the Court must preserve Defendants' right to a trial by jury on the issue of damages." Riverfront's motion was based on *Wood v DAIIE*, 413 Mich 573; 321 NW2d 653 (1992).

Reconsideration was denied by the circuit court in a January 15, 1998 opinion/order.[6]

The Court of Appeals affirmed the $50,000 default

_____

[6] MCR 2.119(F)(3) states the standard for deciding a circuit court motion for rehearing or reconsideration:

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

8

judgment.[7]

Riverfront has applied to this Court for leave to appeal.

II

The setting aside of a default or a default judgment is governed by MCR 2.603(D)(1), which provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

In the present case, the circuit court and the Court of Appeals found no good cause. For example, in denying Riverfront's motion for reconsideration, the circuit court said that the lengthy period without contact from opposing counsel should have put defense counsel on notice that something was awry. Likewise, the Court of Appeals majority concluded that good cause had not been shown:

> Under these circumstances we conclude that the circuit court did not abuse its discretion in finding that defense counsel unjustifiably neglected the instant case when she failed over a five-month period to make contact with plaintiff's counsel of any kind, or otherwise investigate the status of the case.

The dissenting judge said that "[w]ithout some specific information or record support of docket management procedures, local rules, and prevailing time frames in the Genesee Circuit Court, I would say that the lack of contact between an

---

[7] Unpublished opinion per curiam, issued January 25, 2000, amended January 31, 2000 (Docket NO. 209212).

attorney and the opposite side or the court for a period of four or five months is not sufficient ground for entry of a default against the attorney for failure 'to diligently pursue and defend a case.'"

We will not pause long on this aspect of the case. Our review is for clear abuse of discretion,[8] and we find no such abuse in this case. While we are not unsympathetic to the plight of an attorney betrayed by glitches in mail delivery, this case involves more than the occasional misdelivery of a piece of mail.

Various letters and notices of hearing were mailed to defense counsel at her correct address in Madison Heights, all to no effect. This bundle of mail was necessitated by counsel's year-long failure to provide Ms. Zaiter's lawyer with answers to discovery requests that had been tendered with the complaint. The eventual explanation that the answers had been mailed five months earlier to an attorney in an unrelated case provides little help—counsel herself acknowledged at the October 29 proceedings that this disclosure "I suppose in many senses increases my culpability in this matter."

We have no doubt that real problems can arise as documents are transmitted by mail. On this record, however, the prolonged and repeated failure to receive mail, together

---

[8] *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227-229; 600 NW2d 638 (1999).

with the other circumstances of this case, led the circuit court to conclude that Riverfront had failed to demonstrate good cause for setting aside the default judgment.[9]  In that conclusion, we can find no abuse of discretion.

### III

This case also presents the issue whether the Riverfront can obtain a jury trial on damages.  As the parties and the lower courts have observed, this question was treated at length in our 1992 decision in *Wood*.

The defendant in *Wood* was DAIIE.  It failed to respond timely to proper discovery requests, resulting in a default and, after a further hearing, a default judgment.  DAIIE did appear for the default judgment hearing, but the court refused to allow it to participate.  413 Mich 577.

With regard to whether DAIIE had a right to a jury trial in *Wood*, this Court noted that DAIIE had requested a jury and had not waived that right.  Thus, the issue was whether the default functioned as a waiver.  This Court held that it did not:

> We hold only that a defaulting party who has properly invoked his right to jury trial retains that right *if* a hearing is held to determine the amount of recovery.  It is important, therefore, to ascertain when such a hearing is required.  [413

---

[9] It is important that the "good cause" and "meritorious defense" elements of a motion to set aside be considered separately. *Alken-Ziegler*, 461 Mich 229-234.  There being no good cause in this case, we do not reach the question of meritorious defense.

11

Mich 583-584 (emphasis in original).]

This Court then examined GCR 1963, 520 to determine when such a hearing is necessary. That rule is the predecessor of MCR 2.603(B)(3)(b),[10] which provides:

> If, in order for the court to enter judgment or to carry it into effect, it is necessary to
>
> (i) take an account,
>
> (ii) determine the amount of damages,
>
> (iii) establish the truth of an allegation by evidence, or
>
> (iv) investigate any other matter,
>
> the court may conduct hearings or order references it deems necessary and proper, and shall accord a right of trial by jury to the parties to the extent required by the constitution.

From there, this Court moved to the principal holding of *Wood*:

> However, once the trial court determines that a further proceeding is necessary, the rule mandates "a right of trial by jury to the parties *when and as required by the Constitution*".[11] As noted above, the constitutional requirement is but a circular reference to the court rules. The constitutional provision is repeated here: "The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." Const 1963, art 1, § 14.
>
> Thus, the trial court in the case at bar, having determined that a hearing was necessary on the question of damages, was obliged to accord

---

[10] In pertinent part, the differences are only stylistic.

[11] The emphasized phrase from GCR 1963, 520.2(2) has been replaced by the words, "to the extent required by the constitution." No substantive change was intended by that rephrasing.

12

defendant its properly preserved right to jury trial. [413 Mich 585 (emphasis in original).]

When it denied reconsideration in the present case, the circuit court explained that it had exercised discretion to determine whether a hearing was necessary to determine damages. There being no such necessity, there was no need for a trial by jury.

The Court of Appeals majority noted that the circuit court *had* conducted a hearing on damages,[12] and therefore Riverfront's "properly preserved right to a jury determination on the issue of damages must be recognized." The majority affirmed nonetheless. It relied on the failure of Riverfront to appear at the hearing to assert the right to a jury trial, and Riverfront's failure to raise this issue in its motion to set aside the default judgment.

Noting the similarities between this case and *Wood*, the dissenting judge characterized Riverfront's *Wood*-based argument as "compelling."

On this point, we agree with the dissent in the Court of Appeals. With its answer, Riverfront stated its reliance on Ms. Zaiter's demand for a jury. At no time has Riverfront ever said or done anything to waive its right to a jury. *Wood* teaches that Riverfront's default does not constitute such a

---

[12] The majority also said that there had been no mediation, which prompted the dissent to describe the $50,000 figure as "a rabbit from a hat."

waiver. 413 Mich 583. Thus, we know that it had the right to trial by jury on damages if a hearing were held, as did occur in this case. MCR 2.603(B)(3)(b).

All that remains is Riverfront's failure to participate in the default judgment hearing. In light of the court rule, the analysis offered in *Wood*, and the circumstances of this case, we are satisfied that Riverfront's failure to appear for the default judgment hearing did not constitute a waiver of its right to a jury trial. The failure to appear was simply another element of the continuing problem that gave rise to the present dispute. Whatever reasons caused the default also caused defense counsel not to appear for the default judgment hearing.

As the Court of Appeals noted, Riverfront did not raise this issue in its motion to set aside the default judgment. Rather, this question was first raised in Riverfront's motion for reconsideration of the court's order denying the motion to set aside the default judgment. While that presentation may appear to be tardy, the constitutional nature of the right to trial by jury——a right never waived by Riverfront——compels us to grant partial relief in the circumstances of this case. The principles elaborated in *Wood* are the basis of this result.

IV

For the reasons stated in this opinion, we affirm in part

14

and reverse in part the judgments of the circuit court and the Court of Appeals. We remand this case to the circuit court for a hearing before a jury on the amount of damages. MCR 7.302(F)(1).

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.