STATE OF MICHIGAN
COURT OF APPEALS

CITY OF ANN ARBOR,

       Plaintiff-Appellee,

v

ST. JAMES CHURCH OF GOD IN CHRIST
YPSILANTI and REVEREND MELVIN LEWIS,

       Defendants-Appellants.

UNPUBLISHED
February 23, 2017

No. 330336
Washtenaw Circuit Court
LC No. 15-000451-CB

Before: HOEKSTRA, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

In this nuisance-abatement litigation, plaintiff the City of Ann Arbor ("the City") filed suit against defendants, Reverend Melvin Lewis ("Lewis") and St. James Church of God in Christ Ypsilanti ("the Church") (collectively "defendants"), to have a building on the Church's property declared a nuisance and to obtain relief allowing the City to demolish the building. A default was entered against the Church under MCR 2.603(A)(1) for failing to file an answer or otherwise defend against the complaint. Following a motion by the City for entry of default judgment under MCR 2.603(B)(3), the trial court then entered a default judgment against the Church, granting the City's request to allow demolishment of the building. The Church moved to set aside the default judgment. The trial court denied this motion and later denied a motion for reconsideration. Defendants now appeal as of right. Because the trial court did not abuse its discretion by denying defendants' motion to set aside the default judgment against the Church, we affirm.

The Church is incorporated as a nonprofit corporation, and Lewis is the Church's resident agent. Lewis is also the pastor of the Church. The Church owns land in the City of Ann Arbor, and the underlying substantive dispute in this case relates to a purportedly dangerous building on the Church's property.

In particular, on May 4, 2015, the City initiated the current lawsuit against defendants, seeking to have the building on the Church's property declared a nuisance and to obtain relief allowing the City to demolish the building at defendants' expense without interference from defendants. In response to the City's complaint, Lewis filed an answer and affirmative defenses. Notably, Lewis filed his responsive pleading in propria persona and, in doing so, he purported to act in his own name *and* on behalf of the Church. However, Lewis is not a lawyer, meaning that

he could not represent the Church.  See *Detroit Bar Ass'n v Union Guardian Trust Co*, 282 Mich 707, 711; 281 NW 432 (1938).  Thus, despite Lewis's efforts, the Church failed to plead or otherwise defend against the complaint as provided by law.  MCR 2.603(A)(1).  As a result, a default was entered against the Church on July 29, 2015.  The City then moved for a default judgement under MCR 2.603(B)(3).  Following a hearing, the trial court granted the City's motion for a default judgment, explaining to Lewis that he could not represent the Church and that a default judgment was appropriate because the Church had failed to respond to the complaint.

The Church then obtained an attorney and moved to have the default judgment set aside.  According to the motion, there existed good cause to set aside the default judgment because Lewis was unaware that his representation of the Church constituted the unauthorized practice of law and, once informed of this fact, he promptly obtained legal counsel for the Church.  Regarding a meritorious defense, as supported by an affidavit from Lewis, defendants contended that the City failed to inform the Church why its proposed plans for the building had been rejected;[1] and, once given this information in the course of the City's current lawsuit, the Church corrected the defects in its proposed plan.  According to defendants, they should be given the opportunity to correct any safety issues and to avoid the harsh result of demolition.

The trial court denied the motion to set aside the default judgment, concluding that Lewis's ignorance of the law did not constitute good cause to set aside the default judgment and that Lewis's tactical errors could not be excused merely because he proceeded in propria persona.  Given that the Church had not shown good cause, the trial court did not decide whether the Church had a meritorious defense.

Lewis was subsequently dismissed from the case.  The Church  later moved for reconsideration of its motion to set aside the default judgment.  However, the trial court denied the motion as failing to demonstrate a palpable error.  Defendants now appeal as of right.  According to the parties, the building in question has been demolished.[2]

---

[1] Prior to the present lawsuit, pursuant to administrative proceedings under Chapter 101 of the Ann Arbor City Code, which included notice and a show cause hearing before the City's Building Board of Appeals ("BBA"), the building on the Church's property was determined to be "dangerous."  The Church was given an opportunity to make the building safe, but the Church's site plans were rejected by the City.  The BBA then entered an administrative order for the demolishment of the building, and the Church failed to appeal this final determination.  According to the City, arrangements were made to have the building demolished, but defendants interfered and prevented demolition, which prompted the current lawsuit.

[2] Because the building has been demolished, the City maintains that defendants' efforts to set aside the default are now moot.  We disagree.  "An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy."  *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010).  "However, a question is not moot if it will continue to affect a party in some collateral way."  *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004).  See, e.g., *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d

On appeal, defendants first contend that the trial court abused its discretion by denying the motion to set aside the default judgment because the Church demonstrated good cause for its failure to comply with the requirements leading to the default judgment. Specifically, defendants argue that good cause exists because Lewis was reasonably "confused" about how to proceed. According to defendants, such confusion may be experienced by pro per litigants and licensed attorneys alike. Citing *Bednarsh v Winshall*, 364 Mich 113; 110 NW2d 729 (1961) and other cases, defendants assert that, in the case of attorneys, such "confusion" has been held to provide a reasonable excuse for failing to comply with the requirements leading to the default judgment. Defendants maintain that this same reasoning supports the assertion that Lewis's "confusion" provides good cause for the Church's failure to respond to the complaint and that it would be a miscarriage of justice not to set aside the default judgment. We disagree.

We review a trial court's decision on a motion to set aside a default judgment for an abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008). An abuse of discretion "involves far more than a difference in judicial opinion." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007) (citation and quotation marks omitted). "Rather, an abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.*

"Michigan law generally disfavors setting aside default judgments that have been properly entered." *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 653; 617 NW2d 373 (2000). Under MCR 2.603(D)(1), a trial court may set aside a default judgment as follows:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

The party moving to set aside the default bears the burden of demonstrating good cause and a meritorious defense.[3] *Saffian*, 477 Mich at 15. In particular, to establish "good cause," the party seeking to set aside the default must show: "(1) a procedural irregularity or defect, or (2) a reasonable excuse for not complying with the requirements that created the default." *Barclay*,

---

503 (2008). In this case, although the building has been destroyed, the Church faces other consequences as a result of the default judgment. For example, under the judgment entered by the trial court, the City may place a lien on the Church's property, the judgment may be recorded with the register of deeds, and the Church is responsible for the City's expenses. While setting aside the default judgment could not save the building, it could potentially relieve the Church of the other ramifications of the judgment. In these circumstances, the appeal is not moot. See *Cathey*, 261 Mich App at 510; *Hayford*, 279 Mich App at 325.

[3] The trial court did not reach the question of whether the Church had a meritorious defense. Nevertheless, on appeal, the City maintains that the Church's motion to set aside the default judgment should also have been denied because the Church lacked a meritorious defense. As discussed *infra*, the trial court did not abuse its discretion by denying the Church's motion for lack of good cause. Given the lack of good cause, we need not reach the City's arguments regarding the existence of a meritorious defense. *Zaiter v Riverfront Complex, Ltd*, 463 Mich 544, 553 n 9; 620 NW2d 646 (2001).

241 Mich App at 653. The trial court has discretion to determine whether a defendant's excuse for failing to timely answer the complaint was reasonable. *Saffian*, 477 Mich at 16. "Manifest injustice is *not* a third form of good cause that excuses a failure to comply with the court rules where there is a meritorious defense." *Barclay*, 241 Mich App at 653.

In evaluating good cause, "[a] party is responsible for any action or inaction by the party or the party's agent," *Alken-Ziegler, Inc*, 461 Mich at 224, and negligence does not normally constitute grounds for setting aside a default judgment, *Park v Am Cas Ins Co*, 219 Mich App 62, 67; 555 NW2d 720 (1996). Moreover, "a person acting *in propria persona* should be held to the same standards as members of the bar," *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984); and, "a lay defendant's lack of knowledge of the law and its consequences will not necessarily provide a reasonable excuse and good cause to set aside a default," *Reed v Walsh*, 170 Mich App 61, 65; 427 NW2d 588 (1988). Further, a party's failure to obtain counsel, despite sufficient time to do so, is considered a problem of "his own making" that demonstrates neither good cause nor the occurrence of a manifest injustice. *First Bank of Cadillac v Benson*, 81 Mich App 550, 555; 265 NW2d 413 (1978). See also *Miller v Rondeau*, 174 Mich App 483, 489; 436 NW2d 393 (1988).

In this case, the trial court did not abuse its discretion by concluding that Lewis's ignorance of the law did not provide good cause for the Church's failure to file a timely response to the complaint. In particular, it is a rudimentary principle of law that a corporation has a separate legal existence. *Fraser Trebilcock Davis & Dunlap PC v Boyce Trust 2350*, 497 Mich 265, 275; 870 NW2d 494 (2015). See also MCR 2.201(C)(4). Consequently, a non-lawyer cannot proceed in propria persona on behalf of a corporation. *Detroit Bar Ass'n*, 282 Mich at 711; *Peters Prod, Inc v Desnick Broad Co*, 171 Mich App 283, 287; 429 NW2d 654 (1988). Rather, a corporation must be represented by an attorney, and a non-lawyer attempting to represent a corporation is engaged in the unauthorized practice of law. *Detroit Bar Ass'n*, 282 Mich at 711. See also MCL 600.916; *Shenkman v Bragman*, 261 Mich App 412, 416; 682 NW2d 516 (2004). Thus, Lewis could not file an answer on behalf of the Church, and the Church's complete failure to respond to the complaint resulted in the entry of a default, and subsequently a default judgment, against the Church. See *Huntington Nat Bank v Ristich*, 292 Mich App 376, 387; 808 NW2d 511 (2011); MCR 2.108(A)(1); MCR 2.110(B)(1); MCR 2.603(A)(1), (C)(3).

Contrary to defendants' arguments, they have not identified a procedural irregularity or defect, or a reasonable excuse for not complying with the requirements that created this default. See *Barclay*, 241 Mich App at 653. There is nothing irregular or unusual about the fact that a corporation must be represented by an attorney. To the contrary, a corporation's need for an attorney is a well-recognized and long-settled legal principle of this State. See *Detroit Bar Ass'n*, 282 Mich at 711. That Lewis, as a non-attorney, was unaware of this rule of law does not establish a reasonable excuse constituting good cause for setting aside the default. See *Reed*, 170 Mich App at 65. Rather, once served with the complaint, the Church had the opportunity to consult an attorney and file a response, but it failed to do so. Cf. *Miller*, 174 Mich App at 489. That Lewis instead chose to improperly proceed on behalf of the Church was a problem of his own making, *First Bank of Cadillac*, 81 Mich App at 555; and, having decided to proceed in propria persona, Lewis was "bound by the burdens that accompany such election," *Hoven v Hoven*, 9 Mich App 168, 174; 156 NW2d 65 (1967). Further, because Lewis is an agent of the

-4-

Church, the Church is responsible for Lewis's action in improperly attempting to proceed in propria persona and his inaction in failing to obtain an attorney. See *Alken-Ziegler, Inc*, 461 Mich at 224. Overall, given the facts of this case, the trial court did not abuse its discretion by determining that Lewis's unilateral confusion about the law did not constitute good cause for the Church's failure to respond. See *Saffian*, 477 Mich at 15-16. Thus, the trial court properly denied defendants' motion to set aside the default judgment. See MCR 2.603(D)(1).

In contrast, defendants point to several cases in which "confusion" by attorneys was purportedly recognized as good cause for setting aside a default. Defendants contend that Lewis's similar "confusion" in this case is equally excusable. However, a brief review of these cases makes plain that what defendants describe as "confusion" was occasioned by unusual circumstances in the proceedings not caused solely by the defendant and that the "confusion" could not be categorized as a unilateral misunderstanding of the law.[4] In comparison, in this uncomplicated case, Lewis simply made the decision to proceed in propria persona, despite the well-settled rule that he could not represent a corporate entity as a non-lawyer. There was no reasonable basis in the facts or law for this "confusion." See *Huntington Nat Bank*, 292 Mich App at 392-393. Indeed, even if we were to view this case as a close question, "the trial court had discretion to determine whether defendant's excuse for failing to timely answer the complaint was reasonable," *Saffian*, 477 Mich at 16; and defendants have not shown that the trial court's decision fell outside the range of reasonable and principled outcomes. Because the trial court's decision was not an abuse of discretion, the Church is not entitled to have the default judgment set aside. See *id.*

Finally, on appeal, defendants argue for the first time that the trial court committed error warranting reversal and violated their due process rights by failing to hold a hearing and issue a ruling on their motion to stay proceedings pending the Church's motion for reconsideration and/or their appeal to this Court. Given our conclusion that defendants are not entitled to set aside the default judgment against the Church, defendants' unpreserved due process arguments regarding the motion to stay are moot. That is, "a case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights." *B P 7 v Bureau of State Lottery*,

---

[4] See *Bednarsh*, 364 Mich at 113-114 (finding good cause for the defendant's slight delay in filing an answer where the defendant contacted an attorney, but because the attorney had previously represented the plaintiff, the attorney turned the matter over to another attorney); *ISB Sales Co v Dave's Cakes*, 258 Mich App 520; 672 NW2d 181 (2003) (finding good cause where the attorneys on both sides of the case agreed to an irregular, and "unwise," informal process of communications that resulted in the defendant missing deadlines); *Jones v Philip Atkins Constr Co*, 143 Mich App 150; 371 NW2d 508 (1985) (finding good cause where the plaintiff's attorney was dealing with the defendant's claim office in Michigan but a writ of garnishment was served on the insurance commissioner and then forwarded to offices out-of-state which had no record of the litigation); *Levitt v Kacy Mfg Co*, 142 Mich App 603; 370 NW2d 4 (1985) (finding good cause due to unusual problems associated with the defendant's insurance company being in receivership, such that the suit papers were erroneously sent to the insurance underwriter after the underwriter's relationship with the insurance company had been severed).

231 Mich App 356, 359; 586 NW2d 117 (1998). Here, even if there was some error relating to the motion to stay, the fact remains that the Church cannot succeed in setting aside the default judgment and preventing the demolition of the building or the other consequences of the default judgment. In other words, at this time, consideration of issues relating to the motion to stay would be purposeless because there is simply no relief available for defendants.[5] "An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Kieta*, 290 Mich App at 147. We will not decide moot issues. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016).

Affirmed. Having prevailed in full, the City may tax costs pursuant to MCR 7.219.


/s/ Joel P. Hoekstra
/s/ Henry William Saad
/s/ Michael J. Riordan

---

[5] Defendants suggest on appeal that they are entitled to damages from the City because the City proceeded in "bad faith" by demolishing the building before the trial court ruled on the motion to stay. Defendants cite no supporting legal authority for this cursory argument, and thus we consider this argument to be abandoned. See *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 695; 880 NW2d 269 (2015).