# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN D. HEARN,

      Plaintiff-Appellant,

v

PEOPLES COMMUNITY INSTITUTIONAL
MISSIONARY BAPTIST CHURCH, doing
business as CHRISTIAN FAITH MINISTRIES,

      Defendant-Appellee.

UNPUBLISHED
November 28, 2017

No. 333665
Wayne Circuit Court
LC No. 13-008941-CK

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right an order dismissing his case against defendant for failure to appear at a settlement conference in this breach of contract action involving a promissory note. We vacate the order and remand for entry of an order granting plaintiff's motion for summary disposition, with prejudice, and denying defendant's motion for reconsideration.

This matter arises from the execution of a promissory note on June 1, 2006, in the principal amount of $775,000. Plaintiff contends he loaned the money, which was the entirety of his retirement savings, to defendant. Plaintiff's son, David Hearn, executed the promissory note on behalf of defendant as its pastor at the time. Although the outstanding balance of the promissory note was due and payable in full on June 1, 2009, defendant made no payments on the note.

Plaintiff contends the trial court erred in dismissing his case as a sanction for his failure to attend the scheduled settlement conference. Plaintiff asserts that he had a reasonable expectation the conference would be adjourned because the case evaluation had not been completed, and further, a lesser sanction should have been imposed. After review for an abuse of discretion, we agree. See *Fisher v Belcher*, 269 Mich App 247, 262; 713 NW2d 6 (2005).

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. Trial courts are, however, also endowed with the authority to sanction by statute and court rule. *Id*. Specifically relevant in this matter are MCR

-1-

2.504(B)(1) ("If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims."), and MCR 2.401, which states:

**(G) Failure to Attend or to Participate.**

(1) Failure of a party or the party's attorney or other representative to attend a scheduled conference or to have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

(2) The court shall excuse a failure to attend a conference or to participate as directed by the court, and shall enter a just order other than one of default or dismissal, if the court finds that

(a) entry of an order of default or dismissal would cause manifest injustice; or

(b) the failure was not due to the culpable negligence of the party or the party's attorney.

Because "[d]ismissal is a drastic step that should be taken cautiously," "[b]efore imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). In ascertaining whether dismissal constitutes an appropriate remedy, the trial court should evaluate the following nonexhaustive list of factors on the record:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.* at 507.]

In this case, the trial court imposed the harshest sanction—dismissal—without examining the relevant factors and without considering whether a lesser sanction would be just and proper under the circumstances of this case. See *id*. Plaintiff's counsel did fail to appear at the scheduled conference, after assuming it would be adjourned again because a case evaluation had not been conducted. And this failure can be construed as "wilful" or not "accidental." See *id*. But counsel did make arrangements to be available if the conference proceeded. And counsel did not delay in filing a motion to explain his error to the trial court.

There is also no indication in the trial court record that plaintiff's counsel had a history of noncompliance with court orders. Further, dismissal of the case was extremely prejudicial to plaintiff. This matter has been pending since 2013. If the statute of limitations does not prevent it, plaintiff would be required to refile this case which would further, and significantly, delay its resolution. And there appears to be no prejudice to defendant in permitting the litigation to

-2-

proceed. While the litigation was protracted, there is nothing in the trial court record to specifically attribute any lengthy delays to plaintiff's behavior. To the contrary, plaintiff had to file several motions to prompt defendant's response or compliance during these proceedings and numerous hearings were rescheduled by the trial court. In fact, defendant failed to appear for a scheduled conference in October 2015 and was not similarly sanctioned—despite defendant's history of delaying these proceedings. Finally, considering the whole record, it is clear that a lesser sanction than dismissal of plaintiff's case would better serve the interests of justice. See *id*. Dismissal of plaintiff's case for a single procedural misstep during this several-year litigation provides a potential windfall to defendant; alleviating defendant of the responsibility of establishing its entitlement to retain the $775,000 obtained through the promissory note without any repayment or determination of entitlement. In summary, considering the several factors discussed above, the trial court's dismissal of the case constituted an abuse of discretion and the order is vacated. See *Fisher*, 269 Mich App at 262.

Plaintiff also argues that the trial court erred in granting defendant's motion for reconsideration of a previous order granting plaintiff's motion for summary disposition. After review for an abuse of discretion, we agree. See *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

In December 2013, plaintiff filed a motion for summary disposition under MCR 2.116(C)(9) and (10), arguing that there was no genuine issue of material fact that defendant was liable under the plain terms of the promissory note, which was attached as an exhibit. That is, the promissory note became due and payable in full on June 1, 2009, and defendant had failed to pay any portion of the amount owed—as defendant admitted in its response to plaintiff's request for admissions, which was also attached as an exhibit. Further, plaintiff argued, defendant failed to plead any valid defense to plaintiff's claim. Accordingly, plaintiff requested the trial court to grant its motion for summary disposition. Thereafter, the trial court entered a scheduling order setting forth the specific date the response to the motion was due, and warning that the failure to timely file such responsive brief would result in dismissal.

After defendant failed to file a response to plaintiff's motion, the trial court entered an order granting plaintiff's motion for summary disposition. When an adverse party does not respond to a properly supported motion for summary disposition filed under subrule (C)(10), as required by MCR 2.116(G)(4), "judgment, if appropriate, shall be entered against him or her." See also *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 725; 691 NW2d 1 (2005). Subsequently, defendant filed a motion for reconsideration under MCR 2.119(F), which provides:

(1) Unless another rule provides a different procedure for reconsideration of a decision . . . a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 21 days after entry of an order deciding the motion.

* * *

(3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The

-3-

moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

The motion for reconsideration filed by defendant was untimely because it was not filed within 21 days after entry of the order granting plaintiff's motion for summary disposition. See MCR 2.119(F)(1). Further, the motion for reconsideration filed on behalf of defendant, a corporation, was not filed by legal counsel; rather, it was filed *in propria persona* by John Hearn, Jr., defendant's alleged pastor at the time. Our Supreme Court has held:

> [I]n any judicial proceeding with which the corporate fiduciary is concerned, in the probate court or any other court of record, it must be represented by a duly licensed attorney. . . . While an individual may appear *in propria personam*, a corporation, because of the very fact of its being a corporation, can appear only by attorney regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity. A layman is not authorized to practice law merely because he is an employee of a corporate fiduciary. [*Detroit Bar Ass'n v Union Guardian Trust Co*, 282 Mich 707, 711; 281 NW 432 (1938) (citations omitted).]

This reflects a basic principle of law that a corporation must necessarily be represented by an attorney. *Id.* at 711-712. Therefore, the motion for reconsideration should have been stricken as the product of the unauthorized practice of law. But even if the motion for reconsideration was not stricken, defendant failed to show that the trial court made a palpable error by entering the dismissal order. Thus, considering the totality of the circumstances presented in this case, the trial court abused its discretion by granting defendant's motion for reconsideration. See *Churchman*, 240 Mich App at 233. Accordingly, this case is remanded to the trial court for entry of an order granting plaintiff's motion for summary disposition, with prejudice, and denying defendant's motion for reconsideration.

Reversed and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff is entitled to costs as the prevailing party. MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

-4-