# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Corbin R. Davis

FRASER TREBILCOCK DAVIS & DUNLAP PC v BOYCE TRUST 2350

Docket Nos. 148931, 148932, and 148933. Argued January 15, 2015. Decided June 3, 2015.

Fraser Trebilcock Davis & Dunlap, PC, brought an action for breach of contract in the Midland Circuit Court against Boyce Trust 2350, Boyce Trust 3649, and Boyce Trust 3650, after defendants failed to pay plaintiff in full for legal services its member lawyers had rendered. The case was tried by a jury after defendants rejected a case evaluation of $60,000. The jury found in plaintiff's favor, and the trial court, Jonathan E. Lauderbach, J., entered a judgment of $73,501.90. Defendants moved for a new trial, and plaintiff moved for case-evaluation sanctions under MCR 2.403(O), including a reasonable attorney fee under MCR 2.403(O)(6)(b). The trial court denied defendants' motion for a new trial and granted plaintiff's motion for case-evaluation sanctions, awarding plaintiff $80,434 in attorney fees, plus interest, and also allowed plaintiff to seek supplemental fees for time spent litigating the sanctions request. Plaintiff sought $38,566.50 in such fees and the court awarded $21,253.60, plus interest, resulting in a total award of approximately $102,000. Defendants appealed the judgment and both of the sanctions orders, and the appeals were consolidated. The Court of Appeals, FITZGERALD and BORRELLO, JJ. (MURPHY, C.J., concurring in part and dissenting in part), affirmed the judgment for plaintiff and partially affirmed the award of case-evaluation sanctions, but reversed the award to the extent it encompassed services related to the pursuit of case-evaluation sanctions and remanded to the trial court for recalculation of the award amount. 304 Mich App 174 (2014). Plaintiff appealed in the Supreme Court, which ordered and heard oral argument on whether to grant the application for leave to appeal or take other peremptory action. 497 Mich 873 (2014).

In a unanimous opinion by Justice MCCORMACK, the Supreme Court *held*:

Plaintiff could not recover a reasonable attorney fee under MCR 2.403(O)(6)(b) for the legal services performed by its member lawyers in connection with its suit to recover unpaid attorney fees from defendants. Because the requisite distinction in identity between plaintiff and its member lawyers was lacking, there was no attorney-client relationship from which an attorney fee could arise.

1. Under MCR 2.403(O)(6)(b), if a party has rejected a case evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs, including a reasonable attorney fee for services necessitated by the rejection of the evaluation, unless the verdict is more favorable to the rejecting party than the case evaluation. The meaning of the phrase "attorney fee" was addressed in *Omdahl v West Iron Co Bd of Ed*, 478 Mich 423 (2007), which held that

the term "attorney" requires an agency relationship between an attorney and the client whom he or she represents and, with that relationship, separate identities between the attorney and the client. Because, in the case of an individual attorney-litigant, the requisite distinction in identity between attorney and client is lacking, there is no attorney-client relationship from which an attorney fee may arise. This rationale applied to and foreclosed plaintiff's request for attorney fees under MCR 2.403(O)(6)(b). Although plaintiff, as a corporation, was a legal entity distinct from its shareholders, and although plaintiff used its member lawyers as agents to litigate its interests in this suit, plaintiff routinely identified itself as its attorney throughout the litigation, and the record betrayed no distinction between the firm and the member lawyers who appeared on its behalf. This conflation of identity was consistent with MCR 2.117(B)(3)(b), under which the appearance of plaintiff's member lawyers was tantamount to the appearance of every member of the firm. There was also no indication that plaintiff's member lawyers viewed or treated plaintiff as a client distinct from themselves. The nature of the fee plaintiff sought, which was remuneration for the legal services that it was forced to direct to the instant suit rather than to its clients by virtue of the defendants' rejection of the case evaluation, confirmed that plaintiff's fee request was analogous to, and no more recoverable than, that of an individual attorney-litigant.

2. Michigan law does not prohibit a corporation such as plaintiff from representing itself. While a corporation generally may appear in court only through licensed counsel, and plaintiff, as a professional corporation, could only provide legal services through its duly licensed officers, employees, and agents under MCL 450.1285(1), those propositions limited, but did not eliminate, plaintiff's ability to represent itself; nor did it mean that plaintiff necessarily entered into the sort of relationship with its member lawyers that would be sufficient to support the recovery of an attorney fee under *Omdahl*.

3. The holding in this case was not at odds with *Kay v Ehrler*, 499 US 432 (1991), which held that an attorney who successfully represented himself in a civil-rights action was not entitled to recover attorney fees under 42 USC 1988(b) as part of his costs. Although some federal circuits have relied on a footnote in *Kay* to conclude that law firms represented by their own member lawyers may recover attorney fees for that representation, the footnote was nonbinding dictum that sought to reconcile an aspect of 42 USC 1988 with *Kay*'s central holding and was not applicable to the circumstances of this case.

Court of Appeals judgment reversed in part; trial court order awarding attorney fee vacated; case remanded to the trial court for further proceedings.

©2015 State of Michigan

# OPINION

Chief Justice:          Justices:
Robert P. Young, Jr.    Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano
                        Richard H. Bernstein

FILED June 3, 2015

STATE OF MICHIGAN

SUPREME COURT

FRASER TREBILCOCK DAVIS &
DUNLAP PC,

      Plaintiff-Appellee,

v

                                    Nos. 148931; 148932;
                                           148933

BOYCE TRUST 2350, BOYCE TRUST
3649, and BOYCE TRUST 3650,

      Defendants-Appellants.

BEFORE THE ENTIRE BENCH

MCCORMACK, J.

      Before us is whether the plaintiff law firm can recover, as case-evaluation

sanctions under MCR 2.403(O)(6)(b), a "reasonable attorney fee" for the legal services

performed by its own member lawyers in connection with its suit to recover unpaid fees

from the defendants, former clients of the firm. Contrary to the determinations of the

trial court and the Court of Appeals majority, we conclude it cannot. Accordingly, we

reverse the Court of Appeals in part, vacate the trial court's award of a "reasonable

attorney fee" to the plaintiff under MCR 2.403(O)(6)(b), and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Fraser Trebilcock Davis & Dunlap, P.C. ("Fraser Trebilcock"), is a law firm organized as a professional corporation under the laws of Michigan. Fraser Trebilcock provided legal services to the defendants, a group of trusts, in connection with the financing and purchase of four hydroelectric dams. Dissatisfied with the representation they received, the defendants refused to pay the full sum of fees billed by Fraser Trebilcock. To recover these unpaid fees, Fraser Trebilcock brought the instant suit against the defendants for breach of contract. Pursuant to MCR 2.403, the matter was submitted for a case evaluation, which resulted in an evaluation of $60,000 in favor of Fraser Trebilcock. Fraser Trebilcock accepted the evaluation, but the defendants rejected it. The case proceeded to trial, resulting in a verdict for Fraser Trebilcock and a judgment totaling $73,501.90.

Throughout the litigation of this breach-of-contract action, Fraser Trebilcock appeared through Michael Perry, a shareholder of the firm, and other lawyers affiliated with the firm (collectively, "member lawyers").[1] At no point did Fraser Trebilcock retain outside counsel, and there is no indication that the firm entered into a retainer agreement with its member lawyers or received or paid a bill for their services in connection with

---

[1] According to Fraser Trebilcock, all member lawyers of the firm, including its shareholders, are salaried employees of the firm.

2

the litigation. On its pleadings, Fraser Trebilcock identified the firm itself as "Attorneys for Plaintiff."

After receiving the verdict, the parties filed posttrial motions: the defendants moved for a new trial, and Fraser Trebilcock moved for case-evaluation sanctions under MCR 2.403(O), seeking to recover, *inter alia*, a "reasonable attorney fee" under MCR 2.403(O)(6)(b) for the legal services performed by its member lawyers—including the litigation of these posttrial motions. The trial court denied the defendants' motion for a new trial, and granted Fraser Trebilcock's motion for case-evaluation sanctions, ruling in particular that Fraser Trebilcock could recover an attorney fee as part of its sanctions. The court recognized that an individual litigant (including one who is an attorney) cannot recover attorney fees for engaging in self-representation, but, relying on certain language from *Kay v Ehrler*, 499 US 432; 111 S Ct 1435; 113 L Ed 2d 486 (1991), concluded that this prohibition did not extend to a corporation such as Fraser Trebilcock seeking to recover a fee for legal services performed by its member lawyers. After an evidentiary hearing, the court awarded Fraser Trebilcock $80,434 in attorney fees, plus interest— roughly two-thirds of the amount of fees the firm had requested—and also permitted Fraser Trebilcock to seek supplemental fees for additional time spent litigating the sanctions request. Fraser Trebilcock requested $38,566.50 in such fees, of which the court awarded $21,253.60, plus interest—resulting in a total award of approximately $102,000, pre-interest, as a "reasonable attorney fee" sanction under MCR 2.403(O)(6)(b).

The defendants appealed the judgment and each of the two sanctions orders. In a split decision, the Court of Appeals affirmed the trial court in all respects but one,

3

reversing the trial court's award of attorney fees to Fraser Trebilcock for time spent pursuing its request for case-evaluation sanctions. See *Fraser Trebilcock Davis & Dunlap PC v Boyce Trust 2350*, 304 Mich App 174; 850 NW2d 537 (2014). The panel unanimously agreed on this reversal,[2] but divided over whether the remainder of the trial court's fee award under MCR 2.403(O)(6)(b) could stand. After surveying Michigan and federal authority, the Court of Appeals majority upheld the trial court's determination that Fraser Trebilcock could recover attorney fees for the legal services performed by its member lawyers in the breach-of-contract action, despite caselaw establishing that an individual attorney-litigant may not recover such fees for self-representation. Like the trial court, the majority relied significantly on certain language from the United States Supreme Court in *Kay*, as well as federal authority interpreting that language. Chief Judge MURPHY disagreed with the majority's reasoning on this point, concluding instead that Michigan authority precluding an award of attorney fees to an individual attorney-litigant—most notably, *Omdahl v West Iron Co Bd of Ed*, 478 Mich 423; 733 NW2d 380 (2007)—extended to and foreclosed Fraser Trebilcock's request for fees.[3]

The defendants then filed the instant application for leave to appeal, seeking this Court's review of the Court of Appeals majority's partial affirmance of the fee award to

---

[2] The panel also unanimously rejected the defendants' challenges to the trial court's exclusion of certain proposed testimony and its refusal to give a certain jury instruction.

[3] The Court of Appeals majority also affirmed the trial court's assessment of the reasonableness of Fraser Trebilcock's requested fees. In light of his determination that no such fees could be awarded, Chief Judge MURPHY did not join this portion of the majority's opinion.

4

Fraser Trebilcock.[4]  Fraser Trebilcock cross-appealed, challenging the Court of Appeals'

partial reversal of the fee award.  We denied leave as to Fraser Trebilcock's cross-appeal,

and ordered oral argument on the defendants' application.  See *Fraser Trebilcock Davis*

*& Dunlap PC v Boyce Trust*, 497 Mich 873 (2014).  For the reasons set forth below, we

agree with the defendants that Fraser Trebilcock cannot recover a "reasonable attorney

fee" under MCR 2.403(O)(6)(b) for the legal services performed by its member lawyers

in connection with the instant suit.  Accordingly, in lieu of granting the defendants'

application, we reverse the Court of Appeals in part and vacate the trial court's attorney-

fee award to Fraser Trebilcock.

## II.  ANALYSIS

Our disposition of this fee dispute turns on the proper interpretation of

MCR 2.403(O), which this Court reviews de novo and under the same principles that

govern the construction of statutes.  See *McAuley v Gen Motors Corp*, 457 Mich 513,

518; 578 NW2d 282 (1998).  Namely, the court rule is to be interpreted according to its

plain language, " 'giving effect to the meaning of the words as they ought to have been

understood by those who adopted them.' "  *Id*., quoting *Buscaino v Rhodes*, 385 Mich

474, 481; 189 NW2d 202 (1971).  Unless expressly defined, "[e]very word or phrase

of . . . [the] court rule should be given its commonly accepted meaning[.]"  *Id*.

---

[4] The defendants did not challenge the Court of Appeals' unanimous affirmance of the trial court's handling of certain trial-related matters, or the majority's affirmance of the trial court's fee-reasonableness determination.  Accordingly, these matters are not before us.

5

MCR 2.403(O) provides, in relevant part:

（1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

* * *

（6) For the purpose of this rule, actual costs are

(a) those costs taxable in any civil action, and

(b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation.

For the purpose of determining taxable costs under this subrule and under MCR 2.625, the party entitled to recover actual costs under this rule shall be considered the prevailing party.

As a general matter, the purpose of MCR 2.403(O) "is to encourage settlement by plac[ing] the burden of litigation costs upon the party who insists upon trial by rejecting a proposed mediation award." *Watkins v Manchester*, 220 Mich App 337, 344; 559 NW2d 81 (1996) (quotation marks omitted); see *Smith v Khouri*, 481 Mich 519, 527-528; 751 NW2d 472 (2008). "Although one of the aims of the mediation rule is to discourage needless litigation, the rule is not intended to punish litigants for asserting their right to a trial on the merits." *McAuley*, 457 Mich at 523. Nor is it "designed to provide a form of economic relief to improve the financial lot of attorneys or to produce windfalls." *Smith*, 481 Mich at 528. Correspondingly, the "reasonable attorney fee" authorized under MCR 2.403(O)(6)(b) is not punitive but "compensatory in nature." *McAuley*, 457 Mich at 520.

6

The parties do not dispute that Fraser Trebilcock is entitled to recover, as case-evaluation sanctions under MCR 2.403(O), the "actual costs" of its breach-of-contract action against the defendants, which proceeded to trial as a result of the defendants' rejection of the case evaluation. The question before us is whether such costs include a "reasonable attorney fee" for the legal services performed by Fraser Trebilcock's member lawyers over the course of that action. According to the defendants, this cannot be, because Fraser Trebilcock's self-representation did not give rise to an "attorney fee." We agree.

This Court most recently addressed the commonly accepted meaning of the phrase "attorney fee" in *Omdahl*, explaining:

> "Attorney" is defined as a "lawyer" or an "attorney-at-law." *Random House Webster's College Dictionary* (2001). The definition of "lawyer" is "a person whose profession is *to represent clients* in a court of law or to advise or act for them in other legal matters." *Id.* (emphasis added). And the definition of "attorney-at-law" is "an officer of the court authorized to appear before it as a *representative of a party* to a legal controversy." *Id.* (emphasis added). Clearly, the word "attorney" connotes an agency relationship between two people. "Fee" is relevantly defined as "a sum charged or paid, as for professional services or for a privilege." *Id.* [*Omdahl*, 478 Mich at 428.]

At issue in *Omdahl* was whether an individual attorney-litigant could recover attorney fees for the representation he provided to himself in the successful pursuit of a claim under the Open Meetings Act (OMA), MCL 15.261 *et seq.*, which provides that if a person prevails in an action under that statute, "the person shall recover court costs and actual attorney fees for the action." MCL 15.271(4). Looking to the above definitions, this Court concluded that there were no such attorney fees for the individual attorney-litigant to recover. As this Court explained, the "plain and unambiguous meaning of the

7

term 'attorney' " requires "an agency relationship between an attorney and the client whom he or she represents" and, with that relationship, "separate identities between the attorney and the client." *Omdahl*, 478 Mich at 428 n 1, 432. And see *id*. at 430 n 4 ("[B]oth a client and an attorney are necessary ingredients for an attorney fee award."). Because, in the case of an individual attorney-litigant, the requisite distinction in identity between attorney and client is lacking, there is no attorney-client relationship from which an "attorney fee" may arise, *id*. at 432—an outcome this Court deemed consistent with decisions by "[t]he courts of this state as well as the federal courts," which "have, in deciding cases of this sort, focused on the concept that an attorney who represents himself or herself is not entitled to recover attorney fees because of the absence of an agency relationship." *Id*. at 428-429.[5]

We agree with the defendants that this same rationale applies to the instant case, and is fatal to Fraser Trebilcock's request for attorney fees under MCR 2.403(O)(6)(b). Fraser Trebilcock does not challenge the commonly accepted meaning of "attorney fee" set forth in *Omdahl*, nor do we see any reason to assign that phrase a different meaning under the plain language of MCR 2.403(O)(6)(b).[6] Instead, Fraser Trebilcock focuses on

---

[5] This Court also noted that, while the OMA expressly permits recovery of only "actual" attorney fees, Omdahl's fee request did not fail because of that term or any distinction there may be between it and "reasonable"; rather, Omdahl could not recover fees for his self-representation because of the absence of the attorney-client relationship that inheres in and is necessary to an "attorney fee." See *Omdahl*, 478 Mich at 430 n 4.

[6] MCR 2.403 provides no express definition of "attorney fee." While MCR 2.403(O)(6)(b) specifies that any "reasonable attorney fee" awarded as a case-evaluation sanction must be "based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation," nothing in this language purports to supplant or modify the commonly accepted meaning of

8

distinguishing that precedent from the instant case, contending that *Omdahl* and its ilk do not foreclose the request for fees in this case because, unlike an individual attorney-litigant, an incorporated law firm such as Fraser Trebilcock enjoys an identity distinct from its member lawyers; thus, when those lawyers appeared on behalf of Fraser Trebilcock in the underlying breach-of-contract action, the agency relationship necessary to give rise to an "attorney fee" was present.

There is no dispute that Fraser Trebilcock, as a corporation, is a legal entity distinct from its shareholders. See, e.g., *Bourne v Muskegon Circuit Judge*, 327 Mich 175, 191; 41 NW2d 515 (1950). There is also no dispute that Fraser Trebilcock used its member lawyers as agents to litigate its interests in the instant suit; indeed, there is no other way the firm could act on its own behalf. See generally *Mossman v Millenbach Motor Sales*, 284 Mich 562, 568; 280 NW 50 (1938) (recognizing that a corporation can "only act through its agents"). These facts alone, however, do not mean that the firm and its member lawyers necessarily enjoyed separate identities as client and attorney for the purposes of that litigation, such that the agency relationship between them would be sufficient to give rise to an "attorney fee" under *Omdahl*. To the contrary, we see no

---

"attorney fee" quoted above, or to suggest that such a fee can be awarded under MCR 2.403(O)(6)(b) in the absence of the type of attorney-client relationship discussed in *Omdahl*. To the contrary, in concluding that such a relationship was necessary for a fee award under the OMA, this Court relied in part on authority interpreting the "attorney fee" available under MCR 2.403(O)(6)(b). See *Omdahl*, 478 Mich at 431 (explaining that its interpretation of "attorney fee" was supported by *Watkins*, 220 Mich App 337, which held that an individual attorney-litigant may not recover a "reasonable attorney fee" for self-representation under MCR 2.403(O)(6)(b) and which likewise "focused on the availability of any attorney fees when the [attorney-client] agency relationship was missing").

9

more of that relationship here than when an individual attorney engages in self-representation. For instance, Fraser Trebilcock routinely identified itself as its attorney throughout the litigation, and the record betrays no distinction in that regard between the firm and the member lawyers who physically appeared on its behalf—a conflation of identity consistent with our court rules, which make clear that the appearance of Fraser Trebilcock's member lawyers was tantamount to "the appearance of every member of the firm," MCR 2.117(B)(3)(b). Nor is there any indication that those member lawyers viewed or treated the firm as a client distinct from themselves. The nature of the fee sought by Fraser Trebilcock further confirms this analogy to an individual attorney-litigant; like such a litigant, the firm is seeking to recover for the legal services that it was forced to direct to the instant suit rather than to its clients, by virtue of the defendants' rejection of the case evaluation. As recognized in *Omdahl*, an individual attorney-litigant typically cannot seek such remuneration as an "attorney fee"—a general rule to which MCR 2.403(O)(b)(6) provides no exception. See *McAuley*, 457 Mich at 520 (explaining that the compensatory nature of an attorney-fee award under MCR 2.403(O)(6)(b) "is illustrated by the well-established body of law holding that a litigant representing himself may not recover attorney fees as an element of costs or damages under either a statute or a court rule"). We are not convinced that the outcome should be any different for Fraser Trebilcock here.

In sum, while we acknowledge that Fraser Trebilcock is a legally distinct corporate entity, we do not find that status sufficient to distinguish the representation it provided to itself through its member lawyers from the self-representation at issue in *Omdahl*, such that Fraser Trebilcock may recover a "reasonable attorney fee" under

10

MCR 2.403(O)(6)(b) for its member lawyers' services. In resisting this conclusion, Fraser Trebilcock stresses that a corporation, unlike an individual, may only appear in court through licensed counsel. We agree with this general proposition, see, e.g., *Detroit Bar Ass'n v Union Guardian Trust Co* (*On Reconsideration*), 282 Mich 707, 711; 281 NW 432 (1938), and further recognize that, as a professional corporation, Fraser Trebilcock may only provide legal services through its duly licensed "officers, employees, and agents," MCL 450.1285(1). Contrary to Fraser Trebilcock's suggestion, however, Michigan law does not prohibit a corporation from representing itself. See MCL 450.681 ("It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person *other than itself* in any court in this state or before any judicial body, or to make it a business to practice as an attorney-at-law, for any person *other than itself*, in any of said courts . . . .") (emphasis added). That the corporation may only do so through an appropriately licensed agent limits, but does not eliminate, this ability; nor does it mean that a corporation necessarily enters into the sort of relationship with its agent sufficient to support recovery of an attorney fee under *Omdahl*. And as discussed above, we fail to see such a relationship in Fraser Trebilcock's self-representation here.

According to Fraser Trebilcock, this conclusion is at odds with the United States Supreme Court's decision in *Kay*, which this Court discussed favorably in *Omdahl*. In *Kay*, an attorney successfully represented himself in a civil-rights action challenging the constitutionality of a state statute; he sought attorney fees under 42 USC 1988(b), which provides that the trial court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The United States Supreme Court

11

unanimously affirmed the lower courts' rejection of this claim, citing the well-established

"proposition that a pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees,"

*Kay*, 449 US at 435, and concluding that the outcome should be no different for

individual attorney-litigants seeking fees under § 1988.  As noted in *Omdahl*, the *Kay*

Court supported this conclusion in part with its observation that "the word 'attorney'

assumes an agency relationship, and it seems likely that Congress contemplated an

attorney-client relationship as the predicate for an award under § 1988."  *Id*. at 435-436

(footnote omitted).    Fraser Trebilcock stresses, however, that the *Kay* Court

immediately—and critically, for the purposes of its claimed fees—qualified this

observation with the following footnote:

> Petitioner argues that because Congress intended organizations to receive an attorney's fee even when they represented themselves, an individual attorney should also be permitted to receive an attorney's fee even when he represents himself.  However, an organization is not comparable to a *pro se* litigant because the organization is always represented by counsel, whether in-house or *pro bono*, and thus, there is always an attorney-client relationship.  [*Id*. at 436 n 7.]

As summarized by the Court of Appeals majority in this case, some federal

circuits have relied upon this footnote in *Kay* to conclude that law firms represented by

their own member lawyers can recover attorney fees for that representation.[7]  Fraser

Trebilcock urges us, like the Court of Appeals majority, to do the same.  We, however,

---

[7] See *Treasurer, Trustees of Drury Indus, Inc Health Care Plan & Trust v Goding*, 692 F3d 888, 898 (CA 8, 2012), cert den 133 S Ct 1644 (2013); *Baker & Hostetler LLP v US Dep't of Commerce*, 473 F3d 312, 325 (CA DC, 2006); *Bond v Blum*, 317 F3d 385 (CA 4, 2003); *Gold, Weems, Bruser, Sues & Rundell v Metal Sales Mfg Corp*, 236 F3d 214, 218-219 (CA 5, 2000).

do not find *Kay*'s nonbinding dictum instructive here, and decline to follow suit. As discussed, we fail to see a meaningful distinction under Michigan law between Fraser Trebilcock's request for attorney fees under MCR 2.403(O)(6)(b) and that of an individual attorney-litigant; *Kay*'s passing commentary on fee requests by organizations under 42 USC 1988 does not convince us otherwise. This commentary sought to reconcile *Kay*'s central holding—that individual attorney-litigants may not recover fees for self-representation—with Congress's apparent intent that unspecified "organizations" be able to recover fees for representation provided by pro bono or in-house counsel under § 1988. Nothing in this dictum suggests that it was intended to reach beyond this limited task of interpretive reconciliation, let alone that it was meant to affirmatively distinguish an individual attorney-litigant from a law firm seeking fees for the representation it provided to itself through its member lawyers—a distinction we particularly hesitate to read into *Kay*'s footnote, given the overall thrust of the opinion.

Nor do we see a good fit between the circumstances expressly contemplated in this dictum and those presently before us. *Kay*'s footnote spoke to the attorney-client relationship that may arise between an organization and its in-house or pro bono counsel. Hoping to duck under *Kay*'s umbrella, Fraser Trebilcock likens the member lawyers who appeared on its behalf to such in-house counsel, but we find this characterization inapt. As *Kay*'s dictum reflects, the relationship between an organization and its in-house counsel is typically one of attorney and singular client; the attorney is employed by the organization in order to provide legal services to the organization. There is no indication, however, that Fraser Trebilcock enjoyed this same type of relationship with its member lawyers in the instant suit—namely, that these lawyers were employed by and affiliated

13

with the firm to provide legal services to the firm as a distinct and exclusive client, rather than to provide such services on behalf of the firm to its clients. Whether and under what circumstances a law firm may recover fees for representation provided to it by in-house counsel is not before us, and we decline to reach that question here. For present purposes, it is enough to say that, to the extent *Kay* can be read to recognize the existence of an attorney-client relationship between a law firm and its in-house counsel, this recognition does nothing to further Fraser Trebilcock's request for fees here.

## III.  CONCLUSION

For the reasons set forth above, we conclude that Fraser Trebilcock cannot recover a "reasonable attorney fee" under MCR 2.403(O)(6)(b) for the legal services performed by its member lawyers in connection with the instant suit. Accordingly, we reverse the Court of Appeals in part, vacate the trial court's award of a "reasonable attorney fee" to Fraser Trebilcock under MCR 2.403(O)(6)(b), and remand to the trial court for further proceedings consistent with this opinion.

Bridget M. McCormack
Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
David F. Viviano
Richard H. Bernstein

14