# Order

Michigan Supreme Court
Lansing, Michigan

March 24, 2021

162047

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

ELIZABETH A. SILVERMAN, PC,
    Plaintiff/Counterdefendant-
    Appellant,

and

ELIZABETH A. SILVERMAN,
    Third-Party Defendant,
v

LAWRENCE DAVID KORN,
    Defendant/Counterplaintiff-
    Third-Party Plaintiff-Appellee.

SC: 162047
COA: 350830
Oakland CC: 2018-163097-CZ

_____/

On order of the Court, the application for leave to appeal the August 13, 2020 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the judgment of the Court of Appeals regarding the above docket number, and we REMAND this case to the Court of Appeals for reconsideration.

Assuming without deciding that the Court of Appeals correctly determined that the term "attorney fee" for purposes of a contract should not be treated differently than it must for purposes of a statute or a court rule as addressed in *Omdahl v West Iron Co Bd of Educ*, 478 Mich 423 (2007), and *Fraser Trebilcock Davis & Dunlap PC v Boyce Tr 2350*, 497 Mich 265 (2015), it still must be determined whether the parties' contract in this case otherwise entitled the plaintiff law firm to recover the "attorney fees" incurred by its member attorney for representing the law firm in this litigation. Of note, the contract contains the following provision: "If Attorney has to commence litigation against [the defendant] to collect outstanding fees, [the defendant] shall be responsible for all fees, costs, and attorney fees *for Attorney's actual time expended*." (Emphasis added). The term "Attorney" refers to the plaintiff law firm. On remand, the Court of Appeals should consider the import, if any, of the emphasized language and whether the plain language of this provision allows the plaintiff to recover the "attorney fees"

requested in this case in a way that is not inconsistent with this Court's holdings in *Omdahl* and *Fraser Trebilcock*.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 24, 2021



Clerk

p0317