*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

INXS V LLC,

      Plaintiff-Appellee,

UNPUBLISHED
February 29, 2024

v

KATHELENE'S COMPASSIONATE ADULT
DAY CARE and TEBERAH ALEXANDER,

      Defendants-Appellants.

No. 365939
Oakland Circuit Court
LC No. 2022-193627-CB

Before: FEENEY, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendants, Kathelene's Compassionate Adult Day Care and Teberah Alexander, appeal by right the trial court's order granting plaintiff, INXS V LLC, summary disposition and entry of judgment in plaintiff's favor and its order denying defendants' motion for reconsideration. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2013, plaintiff leased a commercial property located in Farmington Hills, Michigan for a 62-month term to Kathelene's Compassionate Adult Day Care for operation of an adult day care facility. Alexander personally guaranteed the day care's performance of its obligations under the terms and conditions of the lease. The parties later had a dispute that ultimately concluded through mediation and the execution of a settlement agreement (Settlement) in July 2018, the terms of which related to vacating the property, payment of unpaid rent, and fulfillment of other obligations under the lease.

The Settlement recited that the parties resolved their dispute concerning the lease of the subject property through mediation with retired Judge Edward Sosnick. The Settlement provided in § 3 that the lease remained in full force and effect except as modified by the Settlement and extended the lease and allowed the tenants (defendants) to possess the property until October 15, 2018 for payment of $3,500 monthly rent for the months of August, September, and October 2018. The Settlement specified that defendants were to vacate the property no later than October 15, 2018, and they agreed to entry of judgment for possession with an order of eviction to issue

-1-

immediately if defendants failed to timely vacate the premises. That provision required plaintiff's attorney to hold the judgment and order in trust. It also provided for mediation of disputes respecting the Settlement by Judge Sosnick. Defendants agreed to pay plaintiff for past and future utilities, an alarm fee, and $15,000. The Settlement set forth mutual releases including that plaintiff agreed, upon completion of all terms of the Settlement, to release defendants from all claims arising from or in relation to the parties' dispute. Further, as an additional term, the Settlement contained a covenant not to sue.

Defendants vacated the property during October 2018 without paying the rent owed, bills for utilities, and taxes in violation of the terms of the lease and the Settlement. Plaintiff attempted to resolve the dispute through mediation with the same mediator but that effort failed resulting in plaintiff filing this lawsuit. Defendants did not plead or otherwise defend so plaintiff obtained entry of defaults and moved for the entry of default judgments. Defendants moved to set aside the defaults and the trial court granted their motion and denied plaintiff's motion for default judgments. After the parties conducted some discovery, defendants' counsel moved to withdraw because defendants failed to cooperate with their counsel and had attempted to communicate with plaintiff's counsel without informing defense counsel. The trial court granted defense counsel's motion and ordered on November 30, 2022, that defendants find new representation within 30 days from entry of its order. Defendants did not do so.

In January 2023, plaintiff moved for summary disposition under MCR 2.116(C)(10) on the ground that no genuine issue of material fact existed regarding defendants' failure to satisfy their binding financial obligations to plaintiff and failure to comply with the Settlement and no genuine issue of fact existed regarding its damages. Plaintiff attached to its brief documents including the lease, Settlement, a representative's affidavit specifying the damages incurred by plaintiff, and an e-mail from Judge Sosnick to the parties' respective counsel indicating that he met with counsel to address the dispute about breach of the Settlement, but the parties were unable after three hours of mediation to resolve the matter. Further, plaintiff attached an itemized list of damages plus bills and invoices evidencing charges incurred for utilities, repairs, and maintenance, and checks showing payments made to contractors. Plaintiff also attached photos depicting trash on the premises and property damage. Defendants did not respond to the motion. The trial court granted plaintiff's unopposed motion respecting defendants' liability but denied it regarding plaintiff's claimed damages.

A couple weeks later, plaintiff filed a renewed motion for summary disposition as to damages. Plaintiff noticed the hearing for March 8, 2023. Defendants did not respond to plaintiff's renewed motion. The record indicates that, on March 8, 2023, attorney TaTaNisha Reed filed an appearance on behalf of defendants shortly before the hearing on plaintiff's renewed motion. The trial court commenced the hearing via Zoom on plaintiff's renewed motion at 2:07 p.m. on March 8, 2023. Plaintiff's counsel entered an appearance. The trial court noted that a person named "Nurse T" was in the Zoom "waiting room." The court's clerk advised the trial court that the clerk tried to speak with that person but for an unknown reason the person could not unmute herself. Plaintiff's counsel suggested that person might be one of the defendants and advised the court that defendants may have hired an attorney in the last 24 hours who filed an appearance, but he did not see an attorney. The trial court stated that the identification of "Nurse T" did not give the court any information and it directed that the motion proceed. Plaintiff's counsel, therefore, argued plaintiff's position regarding the damages that it contended defendants owed and explained

plaintiff's exhibits attached to its brief in support of its damages claims. The trial court granted plaintiff's motion and on March 9, 2023, entered an order granting plaintiff's renewed motion for summary disposition and entered final judgment against defendants, jointly and severally, in the amount of $145,938.66.

On March 28, 2023, different new counsel entered appearances on behalf of defendants and filed a motion for rehearing or reconsideration. In the motion, defendants asserted that the trial court had discretion to reconsider its ruling because Alexander and Reed had waited in a Zoom waiting room and intended to argue that the trial court lacked jurisdiction and plaintiff lacked standing to sue because the Settlement contained an arbitration clause and covenant not to sue and plaintiff breached the Settlement by filing this lawsuit. The trial court entered an order on March 30, 2023, in which it found that defendants noticed a hearing on their motion for reconsideration without seeking leave from the court and ordered the notice dismissed. It also ordered that plaintiff could have 14 days to file and serve a response to defendants' motion. The court stated that it would determine after reviewing the motion and response whether to grant oral argument.

Plaintiff opposed defendants' motion on the ground that no basis existed for rehearing or reconsideration. Plaintiff pointed out that the Settlement did not require binding arbitration, only mediation, which the parties attempted unsuccessfully. Plaintiff admitted that the Settlement contained a covenant not to sue but explained that the provision did not apply because defendants had not complied with their obligations under the terms of the Settlement, a precondition to plaintiff's release of its claims against defendants.

The trial court denied defendants' motions without oral argument. The court explained that defendants failed to file a response to plaintiff's initial summary disposition motion. The court explained that it found that no genuine issue of material fact existed because the Settlement conditioned release of plaintiff's claims on defendants' compliance with its terms and conditions which defendants failed to do. The court stated that it ruled that no genuine issue of fact existed regarding defendants' liability but found a question of fact regarding plaintiff's damages. The court noted that plaintiff renewed its motion and the court set a hearing on that motion for March 8, 2023, but defendants again failed to file a response. The trial court observed that the court file reflected that defendants' new counsel filed an appearance one-half hour before the scheduled hearing. The court explained that it reviewed the tape of the Zoom hearing and discerned that "a woman naming herself on the zoom screen as 'Nurse T' initially appeared in the bathroom with another person who appeared to need assistance using the commode. Apparently 'Nurse T' encountered connectivity problems as she lacked an audio connection and subsequently left the zoom hearing." The trial court explained that, at the hearing, it granted plaintiff's unopposed renewed motion to which defendants again failed to file a response. The trial court ruled that defendants' motion was denied because they failed to establish that the court committed palpable error. The court explained that defendants ignored pertinent facts that they failed to comply with the Settlement, failed to respond to the initial motion for summary disposition, failed to respond to plaintiff's renewed motion, and failed to comply with the court's November 22, 2022 order that gave them 30 days to obtain new legal representation.

A few days after the trial court denied their motion, defendants filed a reply to plaintiff's response to their motion for rehearing or reconsideration in which defendants offered various similar arguments as made in their initial motion and added some additional arguments. The trial

court entered an order in which it stated that defendants did not seek leave before scheduling oral argument on their motions for rehearing and reconsideration and noted that it dismissed defendants' notice of hearing. The court stated that it ordered plaintiff to file a response to defendants' motion for reconsideration but did not allow the filing of a reply to plaintiff's response. The court noted that plaintiff filed a response and the trial court issued its opinion and order denying reconsideration. The trial court observed that defendants filed a reply without leave from the court. The court stated that MCR 2.119(F)(2) provided that no response to a motion for reconsideration could be filed unless the court so directed, and MCR 2.119(A)(2)(b) did not permit filing of reply briefs unless permitted by the court. The trial court, therefore, struck defendants' reply from the record. Defendants now appeal.

## II. STANDARD OF REVIEW

We review de novo a circuit court's summary disposition decision. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint and is reviewed de novo. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted).

''Michigan generally follows the 'raise or waive' rule of appellate review." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (citation omitted). In civil cases, this Court has reviewed unpreserved issues for plain error affecting substantial rights. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9, 858 NW2d 733 (2014). To demonstrate a plain error, a party must show: "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [the party's] substantial rights." *Id*. (quotation marks and citation omitted). "The third factor requires [the party] to show [they were] prejudiced by the error such that it affected the outcome of the proceedings . . . ." *Id*.[1]

---

[1] "In civil cases, Michigan follows the raise or waive rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg Co, LLC*, ___ Mich App ___; ___ NW2d ___ (Docket No. 359090, issued June 15, 2023), slip op at 2 (quotation marks and citation omitted). "If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue" but may do so "if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at ___, slip op at 3 (quotation marks and citations omitted).

We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). "An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion." *Id*. This Court has more recently defined an abuse of discretion as "when the trial court chooses an outcome falling outside the range of principled outcomes." *Shivers v Covenant Healthcare Sys*, 339 Mich App 369, 374; 983 NW2d 427 (2021) (citation omitted).

III. ANALYSIS

Defendants first raise two similar issues respecting the trial court's grant of plaintiff's initial and renewed motions for summary disposition, claiming that the court erred because defendants were not represented by counsel, requiring application of a less stringent standard of review, and that the court did not consider their answer, answers to interrogatories, answers to requests for admissions, initial disclosures, and case management plan as evidence in a light most favorable to defendants. We disagree.

As an initial matter, we must address whether defendants preserved these issues for appellate review. "For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (quotation marks and citation omitted). "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). In this case, defendants did not raise these related issues before the trial court. Defendants did not oppose plaintiff's initial motion by filing a brief with supporting documentation to demonstrate the existence of a genuine issue of material fact for trial. Defendants also did not raise any issue respecting their lack of having obtained counsel at the time that the trial court considered plaintiff's initial motion for summary disposition. They also did not oppose plaintiff's renewed motion and presented no substantive evidence in opposition to it.

In their motion for reconsideration, defendants brought to the trial court's attention these issues in some fashion, but that did not preserve them for appeal. *Vushaj*, 284 Mich App at 519. "Although this Court need not review issues raised for the first time on appeal, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerester-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (citations omitted). However, the power to review unpreserved claims of error should be exercised only under compelling circumstances to avoid a miscarriage of justice. *Jawad A Shah, MD, PC v State Farm Mutual Auto Ins Co*, 324 Mich App 182, 193; 920 NW2d 148 (2018) (citation omitted). Although we could decline review of these unpreserved issues, we review them because the issues involve a question of law and the facts necessary for resolution have been presented.

The trial court did not err by granting plaintiff's unopposed motion for summary disposition under MCR 2.116(C)(10) because defendants presented no substantive evidence to establish the existence of a genuine issue of material fact for trial, and their record filings did not

establish the existence of a genuine issue of material fact for trial. A motion brought under MCR 2.116(C)(10) features a burden shifting framework:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).]

In this case, plaintiff moved for summary disposition and filed a brief with attached exhibits that supported plaintiff's factual assertions and established the elements of its claims against defendants. Defendants failed to respond to plaintiff's motion and did not present any documentary evidence establishing the existence of a material factual dispute. In so doing, defendants failed to meet their burden. The trial court, therefore, did not err by granting plaintiff's unopposed motion for summary disposition.

Defendants assert without support that the trial court did not consider their answer, discovery responses, or initial disclosures in a light most favorable to them. The record reflects that plaintiff attached to its motion for summary disposition their answers to plaintiff's request for admissions, their responses to plaintiff's interrogatories, and their responses to plaintiff's request for production. Defendants answered plaintiff's requests for admissions with denials. Defendants' responses to interrogatories and document requests asserted general objections. At most, defendants' discovery responses alluded to unspecified payments made by defendants but nothing that remotely addressed plaintiff's claims or even referenced substantive evidence that could be construed as a defense to plaintiff's claims that defendants still owed them money. Defendants' initial disclosures show correspondence between their and plaintiff's counsel respecting the original dispute and suggest defendants possibly made payments of some debts, but defendants provide no supporting documentation that indicates actual payment or receipts from plaintiff. Nor did defendants provide any substantive evidence that could be construed as rebutting plaintiff's claims in this case or plaintiff's supporting documentation submitted to the trial court regarding plaintiff's motion for summary disposition. Regardless whether the trial court reviewed such filings, none of defendants' submissions to the court during the pendency of this case provided any substantive evidence that rebutted plaintiff's claims or created a genuine issue of fact for trial. Even if the trial court did not review their filings as defendants contend on appeal, the trial court's review of these in a light most favorable to defendants would have gained them nothing. Defendants' argument that the trial court erred by granting plaintiff summary disposition, therefore, fails.

Moreover, defendants' failure to provide any opposition to plaintiff's motion is dispositive. As explained in *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008), "[t]rial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." Defendants failed to do so. If a party

fails to adequately brief a position, or support a claim with authority, it is abandoned. *Yee v Shiawassee Co Bd of Commrs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Under the circumstances presented in this case, the trial court cannot be said to have erred by granting plaintiff summary disposition and holding defendants liable for plaintiff's claims.

Defendants argue that the trial court somehow erred because it could have considered their lack of an attorney as a ground to apply a less stringent standard when determining plaintiff's unopposed motion for summary disposition. That argument lacks factual and legal support.

Although Alexander could choose to represent herself and proceed *in propria personam*, Kathelene's Compassionate Adult Day Care could not. A corporate defendant must appear before the trial court represented by counsel. *Detroit Bar Ass'n v Union Guardian Trust Co*, 282 Mich 707, 711; 281 NW2d 432 (1938); *Peters Prod, Inc v Desnick Broadcasting Co*, 171 Mich App 283, 287; 171 NW2d 654 (1988); *Fraser Trebilock Davis & Dunlap PC v Boyce Trust 2350*, 497 Mich 265, 277; 870 NW2d 494 (2015). Defendants had counsel initially during this litigation, but their counsel moved to withdraw and the trial court granted the motion. The trial court, however, required that defendants obtain new counsel within 30 days from its November 22, 2022 order permitting their former counsel's withdrawal. The record reflects that defendants did not do so. Consequently, they only have themselves to blame for their lack of counsel during the critical stages of the proceedings.

Moreover, Michigan law does not support defendants' contention that the trial court could apply a less stringent standard than that required of a court in determining a motion for summary disposition brought under MCR 2.116(C)(10). Defendants cite no caselaw or other authority to support their contention. When faced with a motion for summary disposition under MCR 2.116(C)(10) supported by evidence in the record, defendants were obligated to present to the trial court substantive evidence that established the existence of a genuine issue of material fact. Defendants failed to do so. The trial court, therefore, properly granted plaintiff summary disposition on the issue of defendants' liability.

Respecting plaintiff's renewed motion for summary disposition, the record reflects that plaintiff supported its renewed motion with admissible evidence establishing its damages claims. Defendants failed to oppose the motion. They filed no brief and submitted no admissible evidence to counter plaintiff's renewed motion. Defendants' filings contained in the record also established no genuine issue of material fact respecting plaintiff's damages claim. As explained in *Walters*, 481 Mich at 388, "[t]rial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." Defendants failed to do so in the face of plaintiff's renewed motion for summary disposition. The trial court, therefore, properly granted plaintiff summary disposition.

Defendants' assertion that the trial court erred by conducting the hearing on plaintiff's renewed motion because an attorney had entered an appearance the same day and a person who identified as "Nurse T" waited in the Zoom waiting room, lacks merit. Review of the hearing transcript indicates that the trial court had no information that an attorney for defendants was present. The record reflects that defendants filed no opposition brief and did not move for an adjournment. Notably, defendants offer no caselaw or other authority that establishes that the trial

court erred in any manner or that even remotely suggests that the trial court had an obligation to stay the action and decline to rule on plaintiff's unopposed renewed motion.

Defendants argue that the trial court erred by not adjourning the hearing. This argument fails because defendants never moved for an adjournment and they provide no caselaw or other authority to support their claim of error. If a party fails to adequately brief a position, or support a claim with authority, it is abandoned. *Yee*, 251 Mich App at 406. The trial court was not required to sua sponte adjourn the motion.

Defendants' claim of error respecting the trial court's decision regarding plaintiff's renewed motion fails for the same reasons that their first claim of error fails. They failed to oppose plaintiff's renewed motion with any substantive evidence and nothing they filed in the trial court established a genuine issue of material fact respecting the grounds presented by plaintiff in its motion for summary disposition as to damages. Accordingly, the trial court properly granted plaintiff summary disposition.

Defendants also argue that the trial court erred by denying their motion for reconsideration. based on the trial court's alleged failure to view evidence in a light most favorable to them when deciding plaintiff's motions for summary disposition. They appear to essentially contend that, despite not filing briefs in opposition to plaintiff's motions or presenting admissible evidence that established a genuine issue of material fact for trial, the trial court should have given them a second chance and allowed them reconsideration and rehearing so that they could present argument to oppose plaintiff's motion. We disagree.

MCR 2.119(F)(3) states:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Under this rule, a "party bringing a motion for reconsideration must establish that (1) the trial court made a palpable error and (2) a different disposition would result from correction of the error." *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011) (citations omitted). " 'Palpable' is defined as easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest." *Id.* (citations and alteration omitted). But "[w]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Defendants' argument makes no sense. Defendants failed to meet their burden to establish a genuine issue of material fact. They filed no opposition briefs and submitted no admissible evidence that advanced a valid defense to plaintiff's claims or the damages amount supported by evidence submitted by plaintiff. Nothing in defendants' answer, responses to discovery, or initial disclosures provided the trial court any basis to conclude that a genuine issue of material fact existed. Defendants have failed to establish that, under the circumstance presented in this case,

the trial court committed a palpable error. Nor have defendants demonstrated that a different disposition of plaintiff's summary disposition motions must result from correction of any claimed error.

Moreover, this Court has held that an abuse of discretion cannot be found in denying a motion for reconsideration that rested "on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Woods v SLB Property Mgmt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008), quoting *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). Here, defendants had opportunity to oppose each of plaintiff's motions but failed to do so. Their arguments presented for reconsideration could have been argued before the trial court's original orders. But they were not. Accordingly, the trial court's denial of defendants' motion for rehearing and reconsideration fell well within the principled range of outcomes and an abuse of discretion did not occur.[2] The trial court did not abuse its discretion in denying defendants' motion for rehearing or reconsideration because defendants failed to establish that the trial court committed palpable error or that a different disposition of the motion must result from the correction of the alleged error.

Affirmed.

/s/ Kathleen A. Feeney
/s/ James Robert Redford
/s/ Christopher P. Yates

---

[2] Defendants also seem to argue that the trial court erred by striking their reply brief to plaintiff's response to their motion for reconsideration, but they offer no caselaw or authority for this argument and merely offer the conclusory assertion that striking their brief constituted an abuse of discretion. Under MCR 2.119(A)(2)(b) in conjunction with MCR 2.119(F)(2), no reply briefs may be filed unless by leave of the court. Here, defendants did not seek leave, and the trial court, therefore, appropriately ruled that their reply be stricken from the record. Accordingly, the trial court's ruling regarding defendants' reply brief and denial of their motion for reconsideration fell within the principled range of outcomes and an abuse of discretion did not occur.